# **EXHIBIT B**

# BakerHostetler

Baker&Hostetler LLP

1170 Peachtree Street
Suite 2400
Atlanta, GA  30309-7676

T 404.459.0050
F 404.459.5734
www.bakerlaw.com

Christopher A. Wiech
direct dial: 404.946.9814
cwiech@bakerlaw.com

Ryan M. Christian, Sr.
direct dial: 404.256.8234
rchristian@bakerlaw.com

July 5, 2023

**VIA EMAIL (ABERRY@JUSTICE4YOU.COM) AND
CERTIFIED MAIL RETURN RECEIPT REQUESTED**

M. Anderson Barry, Esq.
Clayeo C. Arnold, P.C.
6200 Canoga Avenue, Suite 375
Woodland Hills, CA 91367

Re:   *SLT Lending SPV, Inc. dba Sur La Table Response to Jamelah Elder's Statutory 30-Day Notice of Claim – Cal. Civil Code § 1798.100 et seq.*

Dear Counsel:

Our firm, BakerHostetler, represents SLT Lending SPV, Inc. dba Sur La Table ("SLT"). On June 12, 2023, SLT received your client Jamelah Elder's Statutory 30-Day Notice of Claim – Cal. Civil Code § 1798.100 *et seq*. letter dated June 5, 2023 ("Notice" or "Letter").  We write to provide a response to the Notice to the extent that it is intended to be a notice of claimed violations of the California Consumer Privacy Act of 2018 ("CCPA").

## I. THE DEMAND LETTER DOES NOT COMPLY WITH THE CCPA

Ms. Elder's Notice of Claim fails to comply with California Civil Code § 1798.150(b)'s requirements for several reasons.

First, Ms. Elder failed to comply with the CCPA's pre-suit notice and cure period.  This section provides that "[p]rior to initiating any action against a business for statutory damages on an individual or class-wide basis, a consumer shall provide a business 30 days' written notice identifying the specific provisions of this title the consumer alleges have been or are being violated." Cal. Civ. Code § 1798.150(b)(1) (emphasis added).  Importantly, this section provides that notice and an opportunity to cure must be given "prior to initiating any action against a business for statutory damages on an individual or class-wide basis." *Id*. (emphasis added).

We note, however, that on June 6, 2023, you and your co-counsel filed a putative class action on behalf of Ms. Elder against SLT in the U.S. District Court for the Central District of California, Civil Action No. 5:23-CV-01059-SSS-SHK.  Therefore, the Notice (again, dated June

M. Anderson Barry, Esq.
July 5, 2023
Page 2

5, 2023) fails to provide the full thirty-day notice and cure period required under the CCPA. Thus, Ms. Elder should be barred from asserting a claim for statutory damages under the CCPA. *See Griffey v. Magellan Health Inc.*, No. cv-20-01282-PHXMTL, 2022 WL 1811165, at *6 (D. Ariz. June 2, 2022) (dismissing CCPA claim with prejudice for failure to comply with the CCPA's thirty-day notice requirement where plaintiff filed suit seeking actual damages under CCPA, then amended the complaint to seek statutory damages after thirty-day cure period ended); *see also In re Ambry Genetics Data Breach Litig.*, 567 F. Supp. 3d 1130, 1149 (C.D. Cal. 2021) (dismissing plaintiffs' CLRA claim for, among other reasons, failure to provide similar thirty-day pre-suit notice of alleged violations as required by statute).

Second, Ms. Elder's Notice fails to identify the specific CCPA provisions that SLT allegedly violated. *See* Cal. Civ. Code § 1798.150(b) (requiring that a consumer send a written notice "identifying the *specific provisions* of this title the consumer alleges have been or are being violated") (emphasis added). The Notice cites three provisions of the California Civil Code—§§ 1798.81.5, 1798.140, *et seq.* and 1798.150—none of which could have been CCPA violations. Sections 1798.81.5 (in relevant part) and 1798.140 provide definitions under the CCPA, and section 1798.150 provides only a private right of action. As Ms. Elder does not point to any specific provisions of Title 1.81.5 that SLT allegedly violated, the Notice does not comply with the CCPA's notice requirement.

Moreover, the referenced sections impose no affirmative duties on SLT and could not have been violated by SLT. *See* Cal. Civ. Code § 1798.81.5(d)(1)(A) ("For purposes of this section, the following terms have the following meanings: 'Personal information' means either of the following: An individual's first name or first initial and the individual's last name in combination with any one or more of the following data elements, when either the name or the data elements are not encrypted or redacted: . . ."); § 1798.140, *et seq.* ("Definitions" section of Title 1.81.5. California Consumer Privacy Act of 2018); *Id.* § 1798.150(a)(1) ("Any consumer whose nonencrypted and nonredacted personal information . . . is subject to an unauthorized access and exfiltration, theft, or disclosure as a result of the business's violation of the duty to implement and maintain reasonable security procedures and practices . . . may institute a civil action"). Because there is not a specific definition to which Ms. Elder can point that imposes affirmative duties, and because the mere creation of a private right of action does not impose affirmative duties that could be violated, the Notice fails specifically to identify the CCPA provisions allegedly violated.

Third, California Civil Code § 1798.150(b) requires that a consumer sustain "actual pecuniary damages suffered as a result of the alleged violations of this title" prior to initiating an action against a business for statutory damages on an individual or class-wide basis. Here, neither the Notice nor the Complaint that was filed on June 6, 2023, contain any plausible allegation that Ms. Elder suffered any actual pecuniary damages, much less actual pecuniary damages caused by SLT's purported violation of the CCPA.

Without waiving SLT's objections to these deficiencies, or any other objections and/or defenses, we provide the following response based on the assumption that Ms. Elder is claiming that SLT somehow violated the CCPA by failing to prevent the alleged data security incident.

M. Anderson Barry, Esq.
July 5, 2023
Page 3

## II. SLT HAS CURED THE ALLEGED VIOLATION

Even if Ms. Elder had given proper notice of an alleged violation of the CCPA, SLT has cured any possible alleged violation. Upon learning of suspicious activity on its network, SLT immediately took measures to contain the incident, notified law enforcement, and began an investigation. SLT took steps to block the unauthorized access and has continued to monitor for any further suspicious activity or attempted or actual access to its network. None has been detected. For these reasons, this letter constitutes an express written statement that *any alleged CCPA violations have been cured and no further violations shall occur*.

Because SLT was able to cure the alleged violation of the CCPA and has remediated the issue giving rise to the unauthorized access, to the extent Ms. Elder wishes to proceed with litigation under the CCPA, she is limited to asserting a claim for his actual damages. Cal. Civ. Code § 1798.150(b)(1).

We appreciate your attention to this matter. To the extent you would like to discuss any of the above, please feel free to contact me at any time.

Sincerely,

*/s/ Christopher A. Wiech*

Christopher A. Wiech
Partner


*/s/ Ryan M. Christian, Sr.*

Ryan M. Christian, Sr.
Counsel