# **EXHIBIT 1**

## SETTLEMENT AGREEMENT

This Settlement Agreement is made and entered into by and among the following Settling Parties (as defined below): Brian Baker, Luann Petrulakis, and Jamelah Elder (collectively, "Plaintiffs") and SLT Lending SPV, Inc. d/b/a Sur La Table ("SLT" or "Defendant" and, together with Plaintiffs, the "Parties" or "Settling Parties"). The Settlement Agreement is subject to Court approval and intended by the Settling Parties to resolve, discharge, and settle the Released Claims and this Litigation (as defined below), upon and subject to the terms and conditions set forth below.

## I.    INTRODUCTION

This Settlement resolves a putative nationwide class action brought by Plaintiffs on behalf of themselves and a class of similarly situated individuals. Defendant has represented that that the putative nationwide class contains approximately 40,646 (the "Class") individuals, with approximately 8,946 class members residing in California (the "California Subclass").

## II.    PROCEDURAL BACKGROUND

The case arises from the alleged compromise of personal identifying information ("PII" or "Private Information") of Plaintiffs and Settlement Class Members as a result of a cybersecurity attack Defendant experienced between March 15, 2023 and March 25, 2023 (the "Data Incident"). Plaintiffs and Class Members (as defined below) include current and former employees of Defendant whose Private Information was allegedly compromised in the Data Incident. In response to the Data Incident, Defendant sent a Notice Letter ("Notice Letter") to approximately 40,646 current and former employees informing them that certain Private Information may have been involved in the Data Incident. The type of Private Information involved may have potentially included full names, driver's license numbers or state identification numbers, and/or medical or health information. In addition, for a small portion of these individuals, the type of Private

Information involved may have also included Social Security numbers, dates of birth, and health insurance plan enrollment information.

In response, multiple putative class actions were filed in the Northern District of Indiana: *Baker v. SLT Lending SPV, Inc., d/b/a Sur La Table,* No. 2:23-cv-190 (the "*Baker*" action); *Petrulakis v. SLT Lending SPV, Inc., b/d/a Sur La Table*, No. 2:23-cv-202 (the "*Petrulakis*" action); and *Elder v. SLT Lending SPV, Inc. d/b/a Sur La Table,* No. 2:23-cv-334 (the "*Elder*" action). On August 7, 2023 the *Baker* and *Petrulakis* matters were consolidated into the first filed matter, and Plaintiff Elder joined the other Plaintiffs in the Consolidated Amended Complaint, filed on October 17, 2023. ECF No. 17 (hereinafter "Complaint").

Plaintiffs, collectively, alleged individually and on behalf of a putative nationwide Class and California Subclass that, as a direct result of the Data Incident, Plaintiffs and Class Members suffered numerous injuries and would likely suffer additional harm in the future.

Plaintiffs, individually and on behalf of other members of the proposed Class and California Subclass, collectively asserted claims for: (i) negligence; (ii) negligence *per se*; (iii) breach of implied contract; (iv) unjust enrichment; (v) violation of the Drivers' Privacy Protection Act ("DPPA"); (vi) invasion of privacy; (vii) violation of the California Consumer Privacy Act ("CCPA"); (viii) violation of the California Customer Records Act ("CCRA"); (ix) violation of the California Unfair Competition Law ("UCL"); (x) violation of the Illinois Consumer Fraud Act; and (xi) declaratory judgment.

Defendant filed a Motion to Dismiss the Complaint, which is fully briefed. Before the Court ruled on the Motion to Dismiss, the Parties reached this Settlement. ECF No. 32.

### III.    SETTLEMENT NEGOTIATIONS

Recognizing the risk and expense of prolonged multidistrict litigation, the parties agreed to pursue informal discovery and settlement negotiations. After Defendant produced informal discovery regarding the class size and mechanism of the Data Incident, the parties engaged in arms-length settlement negotiations over the course of two months. The extended negotiations ultimately resulted in the proposed settlement that is memorialized in this Settlement Agreement.

Pursuant to the terms identified below, this Settlement Agreement provides for the resolution of all claims and causes of action asserted, or that could have been asserted, against Defendant and the Released Persons (as defined below) relating to the Data Incident and this Litigation, by and on behalf of Plaintiffs and Class Members.

### IV.    PLAINTIFFS' CLAIMS AND BENEFITS OF SETTLING

Plaintiffs and Proposed Class Counsel believe the claims asserted in the Litigation, as set forth in their Complaint, have merit. Plaintiffs and Proposed Class Counsel recognize and acknowledge, however, the expense and length of continued proceedings necessary to prosecute the Litigation through motion practice, discovery, class certification, trial, and potential appeals. Plaintiffs and Proposed Class Counsel have also considered the uncertain outcome and risk of further litigation, as well as the difficulties and delays inherent in such litigation, especially in complex class actions. Proposed Class Counsel are highly experienced in class action litigation and, in particular, data breach and privacy litigation, and have previously served as lead counsel in other data breach class actions through final approval. Plaintiffs and Proposed Class Counsel have determined that the Settlement set forth in this Settlement Agreement is fair, reasonable, and adequate, and in the best interests of the Class Members.

## V.    DENIAL OF WRONGDOING AND LIABILITY

Defendant denies each and all of the claims and contentions alleged against it in the Complaint. Defendant denies all charges of wrongdoing or liability as alleged, or which could be alleged. Nonetheless, Defendant has concluded that further conduct of the Litigation would be protracted and expensive, and that it is desirable that the Litigation be fully and finally settled in the manner and upon the terms and conditions set forth in this Settlement Agreement. Defendant has also considered the uncertainty and risks inherent in any litigation. Defendant has, therefore, determined that it is desirable and beneficial that the Litigation be settled in the manner and upon the terms and conditions set forth in this Settlement Agreement.

## VI.    TERMS OF SETTLEMENT

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and among Plaintiffs, individually and on behalf of the Class Members, Proposed Class Counsel, as set forth in the signature block below, and Defendant that, subject to the approval of the Court, the Released Claims (as defined below) shall be finally and fully compromised, settled, and released, and the Litigation shall be dismissed with prejudice as to the Settling Parties and the Class Members, upon and subject to the terms and conditions of this Settlement Agreement, as follows:

### 1.    Definitions

As used in the Settlement Agreement, the following terms have the meanings specified below:

1.1    "Administration Fees" shall mean the fees, costs and other expenses incurred for Settlement Administration, as defined below.

1.2    "Agreement" or "Settlement Agreement" means this agreement.

1.3    "CAFA Notice" means a notice of the proposed Settlement in compliance with the requirements of the Class Action Fairness Act, 28 U.S.C. § 1711, *et seq.* ("CAFA"), to be served upon the appropriate State official in each State where a Class Member resides and the appropriate federal official.

1.4    "California Subclass" means all California residents to whom Defendant sent notice of the Data Incident on or around May 24, 2023. The California Subclass specifically excludes: (i) all Persons who timely and validly request exclusion from the Class; (ii) the Judge assigned to evaluate the fairness of this Settlement; and (iii) any other Person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding or abetting the criminal activity occurrence of the Data Incident or who pleads *nolo contendere* to any such charge.

1.5    "Claim" means a claim for Settlement benefits made under the terms of this Settlement Agreement.

1.6    "Claim Form" means the form that will be used by Class Members to submit a Claim to the Settlement Administrator and that is substantially in the form as shown in **Exhibit A** to this Settlement Agreement.

1.7    "Claims Deadline" means the postmark and/or online submission deadline for Claims, which shall be 90 days after the Notice Date (as defined below). The Claims Deadline shall clearly be set forth in the Preliminary Approval Order (as defined below), as well as in the Notice and on the Claim Form.

1.8    "Class" means all individuals to whom Defendant sent notice of the Data Incident on or around May 24, 2023. The Class specifically excludes: (i) all Persons who timely and validly request exclusion from the Class; (ii) the Judge assigned to evaluate the fairness of this Settlement; and (iii) any other Person found by a court of competent jurisdiction to be guilty under criminal

law of initiating, causing, aiding or abetting the criminal activity occurrence of the Data Incident or who pleads *nolo contendere* to any such charge.

1.9     "Class Member(s)" means any Person or Persons who fall within the definition of the Class.

1.10     "Court" means the Court of the Honorable Judge Gretchen S. Lund, sitting in the Hammond Division of the United States District Court for the Northern District of Indiana.

1.11     "Data Incident" means the cybersecurity attack Defendant experienced between March 15, 2023, and March 25, 2023.

1.12      "Dispute Resolution" means the process for resolving disputed Claims as set forth in this Agreement specified in ¶ 2.3.

1.13     "Effective Date" shall mean the date when the Settlement Agreement becomes Final. The Effective Date is the first date by which all of the events and conditions specified in ¶ 1.15 and ¶ 10.1 have occurred and been met.

1.14     "Escrow Account" means the account opened by the Settlement Administrator at Huntington Bank.

1.15     "Final" means the occurrence of all of the following events: (i) the Settlement pursuant to this Settlement Agreement is approved by the Court; (ii) the Court has entered a Judgment (as defined below); and (iii) the time to appeal or seek permission to appeal from the Judgment has expired or, if appealed, the appeal has been dismissed in its entirety, or the Judgment has been affirmed in its entirety by the Court of last resort to which such appeal may be taken, and such dismissal or affirmance has become no longer subject to further appeal or review. Notwithstanding the above, any order modifying or reversing any attorneys' fees award, costs,

expenses, or Service Awards (as defined below) made in this case shall not affect whether the Judgment is "Final" or any other aspect of the Judgment.

1.16    "Final Approval Order' is the order through which the Court grants final approval of class action settlement and finds that this Settlement is fair, reasonable, and adequate.

1.17    "Judgment" means a judgment rendered by the Court.

1.18    "Litigation" means this consolidated case, *Brian Baker et al. v. SLT Lending SPV, Inc. d/b/a Sur La Table*, Case No. 2:23-cv-00190-GSL-AZ, pending in the United States District Court for the Northern District of Indiana (Hammond Division).

1.19    "Long Notice" means the long-form Notice of Settlement to be posted on the Settlement Website (as defined below), substantially in the form as shown in **Exhibit B** to this Settlement Agreement.

1.20    "Notice" means the written notice to be sent to the Class Members pursuant to the Preliminary Approval Order.

1.21    "Notice Date" means the date that Notice will be sent to Class Members.  The Notice Date shall be 45 days after the entry of the Preliminary Approval Order.

1.22    "Objection Date" means the date by which Class Members must <u>file with the Court through the Court's electronic case filing ("ECF") system</u> and mail to Class Counsel and counsel for Defendant their objection to the Settlement for that objection to be effective and timely.  The postmark date shall constitute evidence of the date of mailing for these purposes.  The Objection Date shall be 60 days after the Notice Date.

1.23    "Opt-Out Date" means the date by which Class Members must mail to the Settlement Administrator their requests to be excluded from the Class for that request to be

effective and timely.  The postmark date shall constitute evidence of the date of mailing for these purposes.  The Opt-Out Date shall be 60 days after the Notice Date.

1.24    "Person" means an individual, corporation, partnership, limited partnership, limited liability company or partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity, and their respective spouses, heirs, predecessors, successors, representatives, or assignees.

1.25    "Plaintiffs" and/or "Class Representatives" mean Brian Baker, Luann Petrulakis, and Jamelah Elder.

1.26    "Preliminary Approval Order" means the order preliminarily approving the Settlement Agreement and ordering that Notice be provided to the Class. The Settling Parties' proposed form of Preliminary Approval Order is attached to this Settlement Agreement as **Exhibit C**.

1.27    "Proposed Class Counsel" and "Class Counsel" means M. Anderson Berry of Clayeo C. Arnold, APC; Gary M. Klinger of Milberg Coleman Bryson Phillips Grossman, PLLC; and Tyler Bean of Siri and Glimstad LLP.

1.28    "Related Entities" means Defendant's past or present parents, subsidiaries, divisions, and related or affiliated entities, and each of their respective predecessors, successors, directors, officers, employees, principals, agents, attorneys, insurers, and reinsurers, and includes, without limitation, any Person related to any such entity who is, was or could have been named as a defendant in any of the actions in the Litigation, other than any Person who is found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding or abetting

the criminal activity occurrence of the Data Incident or who pleads *nolo contendere* to any such charge.

1.29    "Released Claims" shall collectively mean any and all past, present, and future claims and causes of action including, but not limited to, any causes of action arising under or premised upon any statute, constitution, law, ordinance, treaty, regulation, or common law of any country, state, province, county, city, or municipality, including 15 U.S.C. § 45, *et seq.*, and all similar statutes in effect in any states in the United States (as defined below); state consumer-protection statutes; negligence; negligence *per se*; breach of contract; breach of implied contract; breach of fiduciary duty; breach of confidence; invasion of privacy; fraud; misrepresentation (whether fraudulent, negligent or innocent); unjust enrichment; bailment; wantonness; failure to provide adequate notice pursuant to any breach notification statute or common law duty; and including, but not limited to, any and all claims for damages, injunctive relief, disgorgement, declaratory relief or judgment, equitable relief, attorneys' fees and expenses, pre-judgment interest, credit monitoring services, the creation of a fund for future damages, statutory damages, punitive damages, special damages, exemplary damages, restitution, and/or the appointment of a receiver, whether known or unknown, liquidated or unliquidated, accrued or unaccrued, fixed or contingent, direct or derivative, and any other form of legal or equitable relief that either has been asserted, was asserted, or could have been asserted, by any Class Member against any of the Released Persons based on, relating to, concerning or arising out of the Data Incident or the allegations, transactions, occurrences, facts, or circumstances alleged in or otherwise described in the Litigation. Released Claims shall include Unknown Claims as defined in ¶ 1.40.  Released Claims shall not include the right of any Class Member or any of the Released Persons to enforce the terms of this Settlement Agreement, or the claims of any Person who has timely excluded themselves from the Class.

1.30    "Released Persons" means Defendant and its Related Entities and each of their past or present parents, subsidiaries, divisions, and related or affiliated entities, and each of their respective predecessors, successors, directors, officers, employees, principals, agents, attorneys, insurers, and reinsurers.

1.31    "Service Awards" shall have the meaning ascribed to it as set forth in ¶ 7.3 of this Settlement Agreement. The Service Awards requested in this matter will be $2,000.00 to each Class Representative, subject to Court approval and will be in addition to any other Settlement benefits Plaintiffs may receive. The Service Awards shall be paid from the Settlement Fund.

1.32    "Settlement Administration" means the processing and payment of Claims received from Class Members by the Settlement Administrator.

1.33    "Settlement Administration Costs" means all actual costs associated with or arising from Settlement Administration, including specifically costs of preparation and issuance of the CAFA Notice and Administration Fees.

1.34    "Settlement Administrator" means Angeion Group ("Angeion"), a company experienced in administering class action claims generally and specifically those of the type provided for and made in data breach litigation.

1.35    "Settlement Fund" means a non-reversionary common fund to be funded by Defendant in the amount of five-hundred fifty thousand dollars ($550,000.00), which shall be deposited into the Escrow Account as follows: (i) Defendant shall pay or cause to be paid one-hundred fifty thousand dollars ($150,000.00) into the Escrow Account within thirty (30) days of the Preliminary Approval Order; and (ii) Defendant shall pay or cause to be paid the remaining four hundred thousand dollars ($400,000.00) into the Escrow Account within ten (10) days of the Effective Date.

1.36    "Settling Parties" means, collectively, Defendant and Plaintiffs, individually and on behalf of the Class and all Released Persons.

1.37    "Short Notice" means the short notice of the proposed Settlement, substantially in the form as shown in **Exhibit D** to this Settlement Agreement. The Short Notice will direct recipients to the Settlement Website where recipients may view, *inter alia*, the Long Notice and make a Claim for monetary relief.  The Short Notice will also inform Class Members, *inter alia*, of the Claims Deadline, the Opt-Out Date and Objection Date, and the date of the Final Fairness Hearing (as defined below).

1.38    "Settlement Website" shall be the website that the Settlement Administrator will establish and will contain detailed information about this Litigation.

1.39    "United States" as used in this Settlement Agreement means the United States of America and includes all of its States, the District of Columbia and all territories.

1.40    "Unknown Claims" means any of the Released Claims that any Class Member, including any Plaintiff, does not know or suspect to exist in his/her favor at the time of the release of the Released Persons that, if known by him or her, might have affected his or her settlement with, and release of, the Released Persons, or might have affected his or her decision not to object to and/or to participate in this Settlement Agreement.  With respect to any and all Released Claims, the Settling Parties stipulate and agree that upon the Effective Date, Plaintiffs intend to and expressly shall have, and each of the other Class Members intend to and shall be deemed to have, and by operation of the Judgment shall have, waived the provisions, rights, and benefits conferred by California Civil Code § 1542, and also any and all provisions, rights, and benefits conferred by any law (including the common law) of any state, province, or territory of the United States (including, without limitation, Montana Code Ann. § 28-1-1602, North Dakota Cent. Code § 9-

13-02, and South Dakota Codified Laws § 20-7-11) that is similar, comparable, or equivalent to California Civil Code § 1542, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

Class Members, including Plaintiffs, and any of them, may hereafter discover facts in addition to, or different from, those that they, and any of them, now know or believe to be true with respect to the subject matter of the Released Claims, but Plaintiffs expressly shall have, and each other Class Member shall be deemed to have, and by operation of the Judgment shall have, upon the Effective Date, fully, finally and forever settled and released any and all Released Claims, including Unknown Claims.  The Settling Parties acknowledge, and Class Members shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver is a material element of the Settlement Agreement of which this release is a part.

1.41    "Valid Claims" means Claims in an amount approved by the Settlement Administrator or found to be valid through the claims processing and/or Dispute Resolution process.

## 2.    Settlement Benefits

Claimed Benefits:  All Class Members shall have the opportunity to submit a Claim Form for certain Claimed Benefits either through the Settlement Website or by hand to a designated Post Office box established by the Settlement Administrator. Any valid claims may be subject to pro-rata increase or decrease depending on the aggregated amount of payments to Valid Claims.  The Claimed Benefits, as described below, shall include: (a) Reimbursement for Out-of-Pocket Losses; (b) California Statutory Payments; and (c) Alternative Cash Payments.

A.      Reimbursement for Out-of-Pocket Losses: All Class Members who submit a Valid Claim are eligible to receive reimbursement for documented out-of-pocket losses, if fairly traceable to the Data Incident, up to $4,000 per individual ("Out-of-Pocket Loss Cap").

i.      "Out-of-Pocket Losses" are unreimbursed costs or expenditures incurred by a Class Member in responding to notice of the Data Incident. Out-of-Pocket Losses may include, without limitation, the following: (1) costs incurred on or after March 15, 2023, associated with accessing or freezing/unfreezing credit reports with any credit reporting agency; (2) other miscellaneous expenses incurred related to any Out-of-Pocket Losses such as notary, fax, postage, copying, mileage, and long-distance telephone charges; (3) credit monitoring or other mitigative costs that were incurred on or after March 15, 2023 through the date of the Class Member's Claim submission.

ii.      Class Members who elect to submit a Claim for reimbursement of Out-of-Pocket Losses must provide to the Settlement Administrator the information required to evaluate the Claim, including: (1) the Class Member's name and current address; (2) documentation supporting their Claim; (3) a brief description of the documentation describing the nature of the loss, if the nature of the loss is not apparent from the documentation alone; and (4) a verification, stating that the Claim is true and correct, to the best of the Class Member's knowledge and belief, and is being made under penalty of perjury. Documentation supporting Out-of-Pocket Losses can include receipts or other documentation not "self-prepared" by the Class Member that documents the costs incurred. "Self-prepared" documents such as handwritten receipts are, by themselves, insufficient to receive reimbursement, but can be considered to add clarity to or support other submitted documentation.

iii.      Out-of-Pocket Losses will be deemed "fairly traceable" to the Data Incident for

13

purposes of this paragraph if the timing of the loss occurred on or after March 15, 2023.

iv.    Class Members may submit multiple Claims for Out-of-Pocket Losses and the total of all amounts recovered for Out-of-Pocket Losses is subject to the $4,000 Out-of-Pocket Loss Cap.

B.    <u>California Statutory Payment</u>. In recognition of their statutory rights under California's Consumer Privacy Act ("CCPA"), California Class Members may also make a Claim for a cash payment of up to $100 ("California Statutory Payment"). This payment is in addition to any reimbursement for Out-of-Pocket Losses.

C.    <u>Alternative Cash Payments.</u> Class Members may, in lieu of making a Claim for reimbursement of Out-of-Pocket Losses, but in addition to a claim for a California Statutory Payment, elect to receive a cash payment the amount of which will be determined *pro rata* to exhaust the Settlement Fund following the payment of any (i) award of attorneys' fees, costs, and expenses, (ii) Service Awards, (iii) Settlement Administration Costs, and (iv) all Valid Claims for: Out-of-Pocket Losses, Identity Theft Protection and Credit Monitoring services, and California Statutory Payments.

2.1    <u>Identity Theft Protection and Credit Monitoring</u>. All Settlement Class Members are eligible for two (2) years of free identity-theft protection and credit monitoring <u>from one credit bureau</u>. The two years of free identity-theft protection and credit monitoring provided under this Settlement Agreement shall be in addition to any other identity-theft protection and credit monitoring received by Settlement Class Members from Defendant. Settlement Class Members must submit a Claim Form before the Claims Deadline to be provided with this benefit. The opportunity for Settlement Class Members to enroll in identity-theft protection and/or credit monitoring services will begin upon the Effective Date of the settlement and will remain available

for commencement for 90 days thereafter. Protection and monitoring provided shall include, at a minimum:

a)      Credit monitoring with at least one major credit reporting agency.

b)      Identity restoration and recovery services.

c)      $1,000,000 identity theft insurance with no deductible.

2.1.1   Settlement Class Members who have already obtained identity theft protection and credit monitoring services offered through Defendant as a result of the Data Incident will receive two (2) years of monitoring and protection service available under ¶ 2.1, which coverage will begin from the expiration date of the monitoring and protection services already received.

2.2      <u>Business Practices Changes & Confirmatory Discovery</u>. For a period of one (1) year following the Effective Date, Defendant agrees to maintain reasonable information security policies ("Business Practice Commitments"). The actual cost for the implementation and maintenance of the Business Practice Commitments will be paid by Defendant separate and apart from the Settlement Fund. Defendant has provided reasonable access to confidential confirmatory discovery regarding the number of Class Members broken down by category (*e.g.*, current employee, former employee, etc.) and state of residence, the facts and circumstances of the Data Incident and Defendant's response thereto, and the changes and improvements that have been made or are being made to protect Class Members' PII.

2.3      <u>Dispute Resolution for Claims</u>.   The Settlement Administrator, in its sole discretion to be reasonably exercised, will determine whether: (1) the claimant is a Class Member; (2) the claimant has provided all information needed to complete the Claim Form, including any documentation that may be necessary to reasonably support Claims for Out-of-Pocket Loss; (3)

the information submitted could lead a reasonable person to conclude that it is more likely than not the claimant has suffered the claimed losses as a result of the Data Incident; and (4) the claimant timely submitted their Claim Form. The Settlement Administrator may, at any time, request from the claimant, in writing, additional information that the Settlement Administrator deems reasonably necessary to evaluate the claim, *e.g.*, documentation requested on the Claim Form, information regarding the claimed losses, and Claims previously made for identity theft and the resolution thereof. For any such Claims that the Settlement Administrator determines to be invalid, the Settlement Administrator will submit those claims to the Settling Parties, by and through their respective Counsel. If, upon meeting and conferring, the Settling Parties disagree as to the Claim validity, then the Claim shall be referred back to the Settlement Administrator for final determination on the Claim validity.

2.3.1    Upon receipt of an incomplete or unsigned Claim Form or a Claim Form that is not accompanied by sufficient documentation to determine whether the Claim is facially valid, the Settlement Administrator shall request additional information and allow the claimant 14 days from the date of the request to cure the defect. If the defect is not cured within the time allotted, then the Claim will be deemed invalid.

2.3.2    Following timely receipt of additional information pursuant to a request by the Settlement Administrator under ¶ 2.3.1, the Settlement Administrator shall have ten (10) days to accept or reject the Claim. If, after review of the Claim and all documentation submitted by the claimant, the Settlement Administrator determines that such a Claim is a Valid Claim, then the Claim shall be paid. If the Claim is not valid because the claimant has not provided the information requested by the Settlement Administrator, then the Settlement Administrator may reject the Claim

without any further action. A defect in one Claim shall not cause rejection of any other Valid Claim submitted by the claimant.

2.3.3    Class Members shall have ten (10) days from receipt of the approval of a Claim that provides a payment that deviates from the losses described on the Claim Form to accept or reject the Claim.  This provision does not apply where the Claim payment deviates due to a *pro rata* increase or decrease.

2.4    <u>Medicare/Medicaid Reporting</u>: To enable reporting to the Centers for Medicare & Medicaid Services, any Settlement Class Member that is a Medicare beneficiary who sought services from a health care professional for emotional distress arising out of the Data Incident and may receive payment of over $750 under this Settlement will be required to provide additional information, including their full name, gender, date of birth, and Social Security Number (last five digits at a minimum) or full Medicare Beneficiary Number to be eligible for payment.

2.5    <u>Settlement Expenses</u>. All costs for Notice to the Class Members as required under this Agreement, Administration Fees under ¶ 1.1, Settlement Administration Costs under ¶ 1.33, and the costs of Dispute Resolution described in ¶ 2.3, shall be paid out of the Settlement Fund.

2.6    <u>Class Certification</u>.  The Settling Parties agree, for purposes of this Settlement only, to the certification of the Class and California Subclass.  If the Settlement set forth in this Settlement Agreement is not approved by the Court, or if the Settlement Agreement is terminated or cancelled pursuant to the terms of the Settlement Agreement, this Settlement Agreement and the certification of the Class and California Subclass provided for herein, will be vacated and the Litigation shall proceed as though the Class and California Subclass had never been certified, without prejudice to any Person's or Settling Party's position on the issue of class certification or any other issue.  The Settling Parties' agreement to the certification of the Class and California

Subclass is also without prejudice to any position asserted by the Settling Parties in any other proceeding, case or action, as to which all of their rights are specifically preserved.

**3. Order of Preliminary Approval and Publishing of Notice of Final Fairness Hearing**

3.1. As soon as practicable after the execution of the Settlement Agreement, Proposed Class Counsel and counsel for Defendant shall jointly submit this Settlement Agreement to the Court and file a motion for preliminary approval of the Settlement with the Court requesting entry of a Preliminary Approval Order in the form substantially similar to **Exhibit C** in both terms and cost, requesting, *inter alia:*

    a) certification of the Class and California Subclass for Settlement purposes only pursuant to ¶ 2.6;

    b) preliminary approval of the Settlement Agreement as set forth herein;

    c) the scheduling of a Final Fairness Hearing (as defined below);

    d) appointment of Proposed Class Counsel as Class Counsel;

    e) appointment of Plaintiffs as Class Representatives;

    f) approval of the Short Notice to be mailed to Class Members in a form substantially similar to the one attached as **Exhibit D** to this Settlement Agreement;

    g) approval of the Long Notice to be posted on the Settlement Website in a form substantially similar to the one attached as **Exhibit B** to this Settlement Agreement, which, together with the Short Notice, shall include a fair summary of the Parties' respective Litigation positions, statements that the Settlement and Notice of Settlement are legitimate and that the Class Members are entitled to benefits under the Settlement, the

general terms of the Settlement set forth in the Settlement Agreement, instructions for how to object to or opt-out of the Settlement, instructions for how to obtain the Settlement Benefits, the process and instructions for making Claims to the extent contemplated herein, and the date, time and place of the Final Fairness Hearing;

h)     approval of a Claim Form to be used by Class Members to make a Claim in a form substantially similar to the one attached as **Exhibit A** to this Settlement Agreement; and

i)     appointment of Angeion as the Settlement Administrator.

The Short Notice, Long Notice, and Claim Form have been reviewed and approved by the Settlement Administrator but may be revised as agreed upon by the Settling Parties before submission to the Court for approval.  Immaterial revisions to these documents may also be made prior to dissemination of Notice.  Any changes to the Preliminary Approval Order, Short Notice, Long Notice, and Claim Form that do not materially affect the substance of the Settlement Agreement that the Court may require will not invalidate this Settlement Agreement.

3.2     Costs for providing Notice to the Class in accordance with the Preliminary Approval Order, and the costs of such Notice, together with the Administration Fees and Settlement Administration Costs, shall be paid from the Settlement Fund.  Attorneys' fees, costs, and expenses of Proposed Class Counsel, and Service Awards to Class Representatives, as approved by the Court, shall also be paid from the Settlement Fund.  Notice shall be provided to Class Members by the Settlement Administrator as follows:

a)     *Class Member Information*: No later than fourteen (14) days after entry of the Preliminary Approval Order, Defendant shall provide the Settlement

Administrator with the names, emails, and/or mailing addresses of Class Members, to the extent that such information was contained in the original list used by Defendant to notice about the Data Incident (collectively, "Class Member Information").

b)    Class Member Information and its contents shall be used by the Settlement Administrator solely for the purpose of performing its obligations pursuant to this Settlement Agreement and shall not be used for any other purpose at any time. Except to administer the Settlement as provided in this Settlement Agreement or provide all data and information in its possession to the Settling Parties upon request, the Settlement Administrator shall not reproduce, copy, store, or distribute in any form, electronic or otherwise, the Class Member Information.

c)    *Settlement Website*: Prior to the dissemination of the Notice, the Settlement Administrator shall establish the Settlement Website that will inform Class Members of the terms of this Settlement Agreement, their rights, dates and deadlines and related information. The Settlement Website shall include, in .pdf format and available for download, the following: (i) the Long Notice; (ii) the Claim Form; (iii) the Preliminary Approval Order; (iv) this Settlement Agreement; and (v) any other materials agreed upon by the Parties and/or required by the Court. The Settlement Website shall provide Class Members with the ability to complete and submit the Claim Form electronically and shall have a "Contact Us" page whereby Class Members can send an email with any

additional questions to a dedicated email address and send hardcopy documents to a designated Post Office box established by the Settlement Administrator.

d) *Short Notice:* On the Notice Date, and subject to the requirements of this Settlement Agreement and the Preliminary Approval Order, the Settlement Administrator shall begin to provide Notice to the Class through any one of the following means:

- Via mail to the Class Member's postal address that Defendant provided to the Settlement Administrator. Before any mailing under this paragraph occurs, the Settlement Administrator shall run the postal addresses of Class Members through the United States Postal Service ("USPS") National Change of Address database to update any change of address on file with the USPS;

- in the event that a Short Notice is returned to the Settlement Administrator by the USPS because the address of the recipient is no longer valid, and the envelope contains a forwarding address, the Settlement Administrator shall re-send the Short Notice to the forwarding address if the Short Notice is returned as undeliverable;

- in the event that subsequent to the first mailing of a Short Notice, and at least fourteen (14) days prior to the Opt-Out Date and Objection Date, a Short Notice is returned to the Settlement Administrator by the USPS because the address of the recipient is

21

no longer valid, *i.e.*, the envelope is marked "Return to Sender" and does not contain a new forwarding address, the Settlement Administrator shall perform a standard skip trace, in the manner that the Settlement Administrator customarily performs skip traces, in an effort to attempt to ascertain the Class Member's current address and, if such an address is ascertained, the Settlement Administrator will re-send the <u>Short</u> Notice within 7 days of receiving such information.  This shall be the final requirement for mailing.

e)      Publishing, on or before the Notice Date, the Claim Form, Long Notice and this Settlement Agreement on the Settlement Website, as specified in the Preliminary Approval Order, and maintaining and updating the website throughout the Claim period;

f)      A toll-free help line with an interactive voice response ("IVR") system and a live operator option shall be made available to provide Class Members with additional information about the Settlement.   The Settlement Administrator also will provide copies of the Long Notice and paper Claim Form, as well as this Settlement Agreement, upon request; and

g)      Contemporaneously with seeking final approval of the Settlement, Proposed Class Counsel and Defendant shall cause to be filed with the Court an appropriate affidavit or declaration with respect to complying with these provisions regarding Notice.

3.3    The Short Notice, Long Notice, and other applicable communications to the Class may be adjusted by the Settlement Administrator in consultation and agreement with the Settling Parties as may be reasonable and not inconsistent with such approval.

3.4    Proposed Class Counsel and Defendant's counsel shall request that after Notice is completed the Court hold a hearing (the "Final Fairness Hearing") and grant final approval of the Settlement set forth herein, and request that the Final Fairness Hearing occur on a date that is convenient for the Court and is at least 135 days after the entry of the Preliminary Approval Order.

**4.    Opt-Out Procedures**

4.1    Each Person wishing to opt-out of the Class shall individually sign and timely submit written notice of such intent to the designated Post Office box established by the Settlement Administrator.  The written notice must clearly manifest the Person's intent to opt-out of the Class. To be effective, written notice must be postmarked no later than the Opt-Out Date.

4.2    All Persons who submit valid and timely notices of their intent to opt-out of the Class (hereinafter, "Opt-Outs"), as set forth in ¶ 4.1 above, shall not receive any benefits of and shall not be bound by the terms of this Settlement Agreement.  All Persons falling within the definition of the Class who do not opt-out of the Class in the manner set forth in this Agreement shall be bound by the terms of this Settlement Agreement and Judgment entered thereon.

4.3    Within seven (7) days after the Opt-Out Date, the Settlement Administrator shall furnish to Class Counsel and to Defendant's counsel a complete list of all timely and valid requests for exclusion (the "Opt-Out List").

4.4    In the event that within ten (10) days after the Opt-Out Date, there are more than 200  Opt-Outs , Defendant may, by notifying Proposed Class Counsel in writing, void this Settlement Agreement in its entirety.

### 5.    Objection Procedures

5.1    Each Class Member desiring to object to the Settlement Agreement shall submit a timely written notice of their objection by the Objection Date.  Such notice shall state: (i) the objector's full name, address, telephone number, and e-mail address (if any); (ii) the case name and docket number, *Brian Baker v. SLT Lending SPV, Inc. d/b/a Sur La Table*, Case No. 2:23-cv-00190-GSL-AZ; (iii) information identifying the objector as a Class Member, including proof that the objector is a member of the Class (*e.g.*, copy of the objector's Settlement Notice, copy of original notice of the Data Incident, or a statement explaining why the objector believes they are a Class Member); (iv) a written statement of all grounds for the objection, accompanied by any legal support for the objection the objector believes applicable; (v) the identity of any and all counsel representing the objector in connection with the objection; (vi) a statement whether the objector and/or their counsel will appear at the Final Fairness Hearing; and (vii) the objector's signature or the signature of the objector's duly authorized attorney or other duly authorized representative (if any) representing him or her in connection with the objection.  To be timely, written notice of an objection in the appropriate form must be: (1) mailed, with a postmark date no later than the Objection Date, to Gary M. Klinger of Milberg Coleman Bryson Phillips Grossman, PLLC, as Class Counsel; and Christopher A. Wiech of Baker and Hostetler LLP, as counsel for Defendant; and (2) filed with the Court through the Court's ECF system or submitted to the Clerk of the Court for the U.S. District Court for the Northern District of Indiana (Hammond Division), no later than the Objection Date.  For all objections mailed to Class Counsel and counsel for Defendant, Class Counsel will file them with the Court with the Motion for Final Approval of the Settlement, unless the Objection(s) were previously filed on the docket.

5.2    Any Class Member who fails to comply with the requirements for objecting set forth herein shall waive and forfeit any and all rights they may have to appear separately and/or to object to the Settlement Agreement and shall be bound by all the terms of the Settlement Agreement and by all proceedings, orders and Judgments in the Litigation.  The exclusive means for any challenge to the Settlement Agreement shall be through the provisions of this Settlement Agreement.  Without limiting the foregoing, any challenge to the Settlement Agreement, the final order approving this Settlement Agreement, or the Judgment to be entered upon final approval shall be pursuant to appeal under the Federal Rules of Appellate Procedure and not through a collateral attack.

**6.    Release**

6.1    Upon the Effective Date, each Class Member who did not Opt-Out of the Settlement, including Plaintiffs, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims as against all Released Parties.  Further, upon the Effective Date, and to the fullest extent permitted by law, each Class Member, including Plaintiffs, shall, either directly, indirectly, representatively, as a member of or on behalf of the general public or in any capacity, be permanently barred and enjoined from commencing, prosecuting, or participating in any recovery in any action in this or any other forum (other than participation in the Settlement as provided herein) in which any of the Released Claims is asserted.  Any other claims or defenses Plaintiffs and each and all of the Class Members may have against Defendant that are not based upon or do not arise out of the institution, prosecution, assertion, settlement, or resolution of the Data Incident, the Litigation, or the Released Claims are specifically preserved and shall not be affected by the preceding sentence.

**7.      Plaintiffs' Counsel's Attorneys' Fees, Costs, and Expenses; Service Awards to Plaintiffs**

7.1      The Settling Parties did not discuss the payment of attorneys' fees, costs, and expenses and/or Service Awards to Plaintiffs, until after the substantive terms of the Settlement had been agreed upon, other than that reasonable attorneys' fees, costs, and expenses and Service Awards to Plaintiffs as may be agreed to by Defendant and Class Counsel and/or as ordered by the Court, shall be paid from the Settlement Fund.

7.2      Defendant agrees not to challenge a petition for an award of attorneys' fees at or below one-third (33.33%) of the Settlement Fund, or approximately $183,333.33 or litigation expenses of $10,000.00 or less. Class Counsel, in their sole discretion, shall allocate and distribute any amounts of attorneys' fees, costs, and expenses awarded by the Court among Class Counsel.

7.3      Subject to Court approval, Plaintiffs intend to request, and Defendant agrees not to challenge, Service Awards in the amount of up to $2,000.00 for each of the Plaintiffs as a result of Plaintiffs' time and efforts expended on behalf of the Class.

7.4      No order of the Court, or modification or reversal or appeal of any order of the Court, concerning the amount(s) of any attorneys' fees, costs, and expenses and/or Service Awards ordered by the Court to Class Counsel or Plaintiffs shall affect whether the Judgment is Final or constitute grounds for cancellation or termination of this Settlement Agreement.

**8.      Settlement Fund**

8.1      Deposits.  Defendant agrees to make a payment of, and deposit that payment into, the Settlement Fund as follows: (i) Defendant shall pay or cause to be paid one-hundred fifty thousand dollars ($150,000.00) into the Escrow Account within thirty (30) days of the Preliminary Approval Order; and (ii) Defendant shall pay or cause to be paid the remaining four hundred thousand dollars ($400,000.00) into the Escrow Account within ten (10) days of the Effective

26

Date.. Settlement Administrator shall use the initial one-hundred fifty thousand dollars ($150,000.00 payment) to pay for Settlement Administration Costs. The timing set forth in this provision is contingent upon the receipt of a W-9, sufficient payment instructions, and an invoice from the Settlement Administrator for the Settlement fund within five (5) days of the entry of the Preliminary Approval Order. If Defendant does not receive this information within five (5) days of entry of the Preliminary Approval Order, the initial payment specified in this paragraph shall be made within thirty (30) days after Defendant receives this information from the Settlement Administrator. For the avoidance of doubt, and for purposes of this Settlement Agreement only, Defendant's liability shall not exceed five-hundred fifty thousand dollars ($550,000.00), except that Defendant will pay the costs of its Business Practice Commitments separate and apart from the Settlement Fund.

8.2 <u>Custody of the Settlement Fund</u>. The Settlement Fund shall be deposited into an appropriate trust established by the Settlement Administrator but shall remain subject to the jurisdiction of the Court until such time as the entirety of the Settlement Fund is distributed pursuant to the Settlement Agreement or returned to Defendant in the event this Settlement Agreement is voided, terminated, or cancelled.

8.3 <u>Treasury Regulations and Fund Investment</u>. The Parties agree that the Settlement Fund is intended to be maintained as a qualified settlement fund ("QSF") within the meaning of Treasury Regulation § 1.468 B-1, and that the Settlement Administrator, within the meaning of Treasury Regulation § 1.468 B-2(k)(3), shall be responsible for filing tax returns and any other tax reporting for or in respect of the Settlement Fund and paying from the Settlement Fund any taxes owed with respect to the Settlement Fund. The Parties agree that the Settlement Fund shall be treated as a qualified settlement fund from the earliest date possible and agree to any relation-back

election required to treat the Settlement Fund as a qualified settlement fund from the earliest date possible. Any and all funds held in the Settlement Fund shall be held in an interest-bearing account insured by the Federal Deposit Insurance Corporation ("FDIC") at a financial institution determined by the Settlement Administrator and approved by the Parties. Funds may be placed in a non-interest-bearing account as may be reasonably necessary during the check-clearing process. The Settlement Administrator shall provide an accounting of any and all funds in the Settlement Fund, including any interest accrued thereon and payments made pursuant to this Agreement, upon request of any of the Parties.

8.4    Taxes. All taxes relating to the Settlement Fund shall be paid out of the Settlement Fund, shall be considered a Settlement Administration Cost, and shall be timely paid by the Settlement Administrator without prior order of the Court. Further, the Settlement Fund shall indemnify and hold harmless the Parties and their counsel for taxes (including, without limitation, taxes payable by reason of any such indemnification payments). The Parties and their respective counsel have made no representation or warranty with respect to any tax treatment by any Class Representative or any Class Member of any payment or transfer made pursuant to this Agreement or derived from or made pursuant to the Settlement Fund. Each Class Representative and Class Member shall be solely responsible for the federal, state, and local tax consequences to him, her, they, or it of the receipt of funds from the Settlement Fund pursuant to this Agreement.

**9.    Administration of Claims**

9.1    The Settlement Administrator shall administer and calculate the Claims submitted by Class Members. Class Counsel and Defendant shall be given reports as to both Claims and distributions and have the right to review and obtain supporting documentation and challenge such reports if they believe them to be inaccurate or inadequate. The Settlement Administrator's final

determination of whether a Claim is a Valid Claim shall be binding, subject to the Dispute Resolution process.

9.2    Payment of Valid Claims shall be made within 30 days after the Effective Date. No Valid Claims shall be paid until after the Effective Date. If this Settlement Agreement is terminated or otherwise does not become final (*e.g.*, disapproval by the Court or any appellate court) prior to the payment of Valid Claims, Defendant shall have no obligation to pay such Claims.

9.3    All Class Members who fail to timely submit a Valid Claim for any benefits hereunder within the time frames set forth herein, or such other period as may be ordered by the Court, or otherwise allowed, shall be forever barred from receiving any payments or benefits pursuant to the Settlement set forth herein, but will in all other respects be subject to, and bound by, the provisions of the Settlement Agreement, the releases contained herein and the Judgment.

9.4    No Person shall have any claim against the Settlement Administrator, Defendant, Class Counsel, Plaintiffs, and/or Defendant's counsel based on distributions of benefits to Class Members.

**10.    Conditions of Settlement, Effect of Disapproval, Cancellation, or Termination**

10.1    The Effective Date of the Settlement shall be conditioned on the occurrence of all of the following events:

(a) the Court has entered the Preliminary Approval Order;

(b) Defendant has not exercised its option to terminate the Settlement Agreement pursuant to ¶ 4.4,

(c) the Court has entered the Judgment granting final approval to the Settlement and certification of the Class as set forth herein; and

(d) the Judgment has become Final, as defined in ¶ 1.15.

10.2    If all conditions specified in ¶¶ 10.1 and 1.15 are not satisfied, the Settlement Agreement shall be canceled and terminated unless Class Counsel and Defendant's counsel mutually agree in writing to proceed with the Settlement Agreement.

10.3    In the event that the Settlement Agreement including the releases are not approved by the Court or the Settlement set forth in the Settlement Agreement is terminated in accordance with its terms, (i) the Settling Parties shall be restored to their respective positions in the Litigation and shall jointly request that all scheduled Litigation deadlines be reasonably extended by the Court so as to avoid prejudice to any Settling Party or Settling Party's counsel, and (ii) the terms and provisions of the Settlement Agreement shall have no further force and effect with respect to the Settling Parties and shall not be used in the Litigation or in any other proceeding for any purpose, and any Judgment or order entered by the Court in accordance with the terms of the Settlement Agreement shall be treated as vacated, *nunc pro tunc*. Notwithstanding any statement in this Settlement Agreement to the contrary, no order of the Court or modification or reversal on appeal of any order reducing the amount of attorneys' fees, costs, and expenses and/or Service Awards shall constitute grounds for cancellation or termination of the Settlement Agreement.

**11.    Miscellaneous Provisions**

11.1    The Settling Parties (i) acknowledge that it is their intent to consummate this Agreement; and (ii) agree to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of this Settlement Agreement, and to exercise their best efforts to accomplish the terms and conditions of this Settlement Agreement.

11.2    In the event that the total amount to be paid under this Agreement (*i.e.*, payments for Valid Claims, Settlement Administration Costs, and any award of attorneys' fees, costs,

expenses, and Service Awards) exceeds the total amount of the Settlement Fund, then the value of the payments to be paid to each Class Member making a Valid Claim shall be reduced on a *pro rata* basis, such that the payments for all Valid Claims does not exceed the Settlement Fund after payment of all Settlement Administration Costs, and any award of attorneys' fees, costs, expenses, and Service Awards. All *pro rata* reduction determinations shall be made by the Settlement Administrator. For the avoidance of doubt, and for purposes of this Settlement Agreement only, Defendant's liability shall not exceed five-hundred fifty thousand dollars ($550,000.00), except that Defendant will pay the costs of its Business Practice Commitments separate and apart from the Settlement Fund.

11.3    The Settling Parties intend this Settlement to be a final and complete resolution of all claims and disputes between them with respect to the Data Incident and this Litigation. The Settlement compromises claims, including but not limited to all Released Claims, that are contested and shall not be deemed an admission by any Settling Party as to the merits of any claim or defense. The Settling Parties each agree that the Settlement was negotiated in good faith by the Settling Parties and reflects a Settlement that was reached voluntarily after consultation with competent legal counsel. The Settling Parties reserve their right to rebut, in a manner that such Party determines to be appropriate, any contention made in any public forum that the Litigation was brought or defended in bad faith or without a reasonable basis. It is agreed that no Party shall have any liability to any other Party as it relates to the Litigation, except as set forth herein.

11.4    Neither the Settlement Agreement, nor the Settlement contained herein, nor any act performed or document executed pursuant to or in furtherance of the Settlement Agreement or the Settlement (i) is or may be deemed to be or may be used as an admission of, or evidence of, the validity or lack thereof of any Released Claim, or of any wrongdoing or liability of any of the

Released Persons; or (ii) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Released Persons in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal. Any of the Released Persons may file the Settlement Agreement and/or the Judgment in any action that may be brought against them or any of them to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar, or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

11.5    The Settlement Agreement may be amended or modified only by a written instrument signed by or on behalf of all Settling Parties or their respective successors-in-interest.

11.6    The exhibits to this Settlement Agreement and any exhibits thereto are a material part of the Settlement and are incorporated into and made a part of the Agreement.

11.7    This Settlement Agreement, including all exhibits hereto, constitutes the entire agreement among the Parties hereto, and no representations, warranties, or inducements have been made to any Party concerning the Settlement Agreement other than the representations, warranties and covenants contained and memorialized herein. Except as otherwise provided herein, each Party shall bear its own costs. This Settlement Agreement supersedes all previous agreements made between the Parties.

11.8    Class Counsel, on behalf of the Class, and Defendant's counsel, on behalf of Defendant, are expressly authorized to take all appropriate actions required or permitted to be taken by the Parties pursuant to the Settlement Agreement to effectuate its terms, and also are expressly authorized to enter into any modifications or amendments to the Settlement Agreement on behalf of the Parties which they deem appropriate in order to carry out the spirit of this Settlement Agreement and to ensure fairness to the Parties.

11.9    Each counsel or other Person executing the Settlement Agreement on behalf of any Party hereto hereby warrants that such Person has the full authority to do so.

11.10    The Settlement Agreement may be executed in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument. A complete set of original executed counterparts shall be filed with the Court.

11.11    The Settlement Agreement shall be binding upon, and inure to the benefit of, the successors and assigns of the Parties hereto.

11.12    The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of the Settlement Agreement, and all Parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement embodied in the Settlement Agreement. The Court shall have exclusive jurisdiction over any suit, action, proceeding, or dispute arising out of or relating to this Agreement that cannot be resolved by negotiation and agreement by counsel for the Parties. The Court shall retain jurisdiction with respect to the administration, consummation and enforcement of the Agreement and shall retain jurisdiction for the purpose of enforcing all terms of the Agreement. The Court shall also retain jurisdiction over all questions and/or disputes related to the Notice and the Settlement Administrator. As part of its agreement to render services in connection with this Settlement, the Settlement Administrator shall consent to the jurisdiction of the Court for this purpose.

11.13    As used herein, "he" means "he, she, they, or it;" "his" means "his, hers, theirs, or its," and "him" means "him, her, them, or it."

11.14    The Settlement Agreement shall be considered to have been negotiated, executed, and delivered, and to be wholly performed, in the State of Indiana, and the rights and obligations

of the Parties to the Settlement Agreement shall be construed and enforced in accordance with, and governed by, the internal, substantive laws of the State of Indiana.

11.15    All dollar amounts are in United States dollars (USD).

11.16    If a Class Member opts to receive Settlement benefits via mailed check, cashing the Settlement check is a condition precedent to any Class Member's right to receive Settlement benefits. All Settlement checks shall be void 90 days after issuance and shall bear the language: "This check must be cashed within 90 days, after which time it is void." If a check becomes void, the Class Member shall have until six (6) months after the Effective Date to request re-issuance. If no request for re-issuance is made within this period, the Class Member will have failed to meet a condition precedent to recovery of Settlement benefits, the Class Member's right to receive monetary relief shall be extinguished, and there shall be no obligation to make payments to the Class Member for expense reimbursement or any other type of monetary relief.  The same provisions shall apply to any re-issued check. For any checks that are issued or re-issued for any reason more than 180 days after the Effective Date, requests for re-issuance need not be honored after such checks become void.

11.17    The Settlement Website shall be deactivated 180 days after the Effective Date.

11.18    All agreements made and orders entered during the course of the Litigation relating to the confidentiality of information shall survive this Settlement Agreement.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

IN WITNESS WHEREOF, the Parties hereto have caused the Settlement Agreement to be executed, by their duly authorized attorneys.

By: _____    Date: February 14, 2025
Christopher A. Wiech                    _____
Baker & Hostetler LLP

*Counsel for Defendant*


By: _____    Date: _____
M. Anderson Berry
Clayeo C. Arnold APC


By: _____    Date: _____
Gary M. Klinger
Milberg Coleman Bryson Phillips Grossman, PLLC


By: _____    Date: _____
Tyler Bean
Siri & Glimstad LLP
*Proposed Settlement Class Counsel*

IN WITNESS WHEREOF, the Parties hereto have caused the Settlement Agreement to be executed, by their duly authorized attorneys.

By: _____  Date: _____

Christopher A. Wiech
Baker & Hostetler LLP

*Counsel for Defendant*

By: _____  Date: 02/11/2025
_____

M. Anderson Berry
Clayeo C. Arnold APC

By: _____  Date: February 11, 2025

Gary M. Klinger
Milberg Coleman Bryson Phillips Grossman, PLLC

By: _____  Date: February 11, 2025

Tyler Bean
Siri & Glimstad LLP
*Proposed Settlement Class Counsel*

35

### SETTLEMENT TIMELINE

| | |
|---|---|
| **From Date Preliminary Approval Motion is Filed** | |
| CAFA Notice issued by Settlement Administrator | + 10 days |
| **From Order Granting Preliminary Approval** | |
| Defendant provides Class Member Information to the Settlement Administrator | +14 days |
| Long and Short Notices Posted on the Settlement Website | +30 days |
| Notice Date | +45 days |
| Counsel's Motion for Attorneys' Fees, Reimbursement of Litigation Costs and Expenses, and Class Representative Service Awards | +91 days |
| Objection Date | +105 days |
| Opt-Out Date | +105 days |
| Settlement Administrator Provide List of Objections/Opt-Outs to the Parties' counsel | +112 days |
| Claims Deadline | +135 days |
| | |
| **Final Approval Hearing** | +135 (at minimum) from Order Granting Preliminary Approval |
| Motion for Final Approval | -14 days |
| | |
| **From Order Granting Final Approval** | |
| Effective Date | +35 days, assuming no appeal has been taken. See definition of Final in the Agreement. |
| Payment of Attorneys' Fees and Expenses Class Representative Service Awards | +60 days |
| Payment of Claims to Class Members | +65 days |
| Settlement Website Deactivation | +180 days |

# **EXHIBIT A**

***Brian Baker et al. v. SLT Lending SPV, Inc. d/b/a Sur La Table, Case No. 2:23-cv-00190-GSL-AZ***
**SLT Lending SPV, Inc. d/b/a Sur La Table Data Incident Settlement**

## ORDINARY OUT-OF-POCKET LOSSES AND CASH PAYMENT CLAIM FORM

**IN ORDER TO BE VALID, THIS CLAIM FORM MUST BE POSTMARKED OR SUBMITTED ONLINE AT <<SETTLEMENT WEBSITE>> NO LATER THAN <<CLAIM DEADLINE>>.**

*ATTENTION: This Claim Form is to be used to apply for relief related to the Data Incident that occurred between March 15, 2023 and March 25, 2023, and potentially affected all individuals to whom SLT Lending SPV, Inc. d/b/a Sur La Table ("Defendant") sent notice. There are four (4) types of damages for which these individuals may be eligible: 1) for all Class and California Subclass Members, reimbursement of actual out-of-pocket losses that are reasonably traceable to the Data Incident ("Out-of-Pocket Losses"), 2) for all Class Members, the option of a pro-rata cash payment in the alternative to Out-of-Pocket Losses, 3) for California Subclass Members, a cash payment of up to $100, in addition to Out-of-Pocket Losses, and 4) two (2) years of Identity Theft Protection and Credit Monitoring.*

*To submit a Claim, you must have been identified as an individual to whom Defendant sent notice of the Data Incident on or around May 24, 2023, and received Notice of the Settlement with a* ==**Unique ID**==*.*

*You may apply to be reimbursed for Out-of-Pocket Losses. Out-of-Pocket Losses consist of unreimbursed costs or expenditures incurred by a Class Member in responding to notice of the Data Incident. Class Members may submit multiple Claims for Out-of-Pocket Losses; however, the total of all amounts recovered for Out-of-Pocket Losses may not exceed $4,000 per Class Members. Alternatively, Class Members can choose to make a Claim for a pro-rata cash payment in lieu of claiming reimbursement for Out-of-Pocket Losses ("Alternative Cash Payment"). In addition to the aforesaid benefits, California Subclass Members may also make a Claim for a cash payment of up to $100 ("California Cash Payment"), and all Settlement Class Members are eligible for two (2) years of Identity Theft Protection and Credit Monitoring. **Please be advised that any documentation you provide must be submitted with this Claim Form.***

***Note that you MUST apply for Out-of-Pocket Losses, the Alternative Cash Payment, the California Cash Payment, and/or for Identity Theft Protection and Credit Monitoring using this Claim Form.***

***CLAIM VERIFICATION:*** *All Claims are subject to verification. You will be notified if additional information is needed to verify your Claim.*

***ASSISTANCE:*** *If you have questions about this Claim Form, please visit the Settlement Website at <<Settlement Website>> for additional information or call <<Settlement Toll Free Phone Number>>.*

**PLEASE KEEP A COPY OF YOUR CLAIM FORM AND PROOF OF MAILING FOR YOUR RECORDS.**

**Failure to submit required documentation, or to complete all parts of this Claim Form, may result in denial of the Claim, delay its processing, or otherwise adversely affect the Claim.**

REGISTRATION

_____     _____     _____
First Name                                                        Mi        Last Name

_____
Mailing Address

_____     ____ ____     ____ ____ ____ ____
City                                                                       State                        Zip  Code

( _____ _____ _____ ) _____ _____ _____ - _____ _____ _____ _____
Telephone Number

_____ @ _____
E-mail Address

**Please provide the Unique ID identified on the Notice that was sent to you:**

____ ____ ____ ____ ____ ____ ____ ____

*Instructions. Please follow the instructions below and answer the questions as instructed.*
<u>**CLAIM INFORMATION**</u>

**Section A. Confirm Your Eligibility**

**Did you receive a Unique ID indicating that you may be a member of the Settlement Class?**

☐ Yes   ☐ No

*If yes, continue to the next question. If no, you are not a member of the Class and do not qualify to file a Claim.*

**Did you suffer any financial expenses or other financial losses that you believe were incurred as a result of the Data Incident? For example, did you sign up and pay for a credit monitoring service, hire and pay for a professional service to remedy identity theft, etc. related to the Data Incident?**

☐ Yes   ☐ No

*If yes, you may be eligible to fill out **Section B** of this form and provide corroborating documentation.*

**Section B. Monetary Relief**

*If you suffered verifiable financial losses that were more likely than not caused by the Data Incident or spent time remedying issues related to the Data Incident, you may be eligible to receive a payment to compensate you for these financial losses and lost time spent.*

*Out-of-Pocket Losses*

*If it is verified that you meet all the criteria described in the Settlement Agreement, and you **submit** proof of your losses and the dollar amount of those losses, you will be eligible to receive a payment of up to **$4,000** compensating you for your documented Out-of-Pocket Losses. Out-of-Pocket Losses include: (1) costs incurred on or after March 15, 2023 associated with accessing or freezing/unfreezing credit reports with any credit reporting agency; (2) other miscellaneous expenses incurred on or after March 15, 2023 related to any Out-of-Pocket Loss such as notary, fax, postage, copying, mileage, and long-distance telephone charges; (3) credit monitoring or other mitigative costs that were incurred on or after March 15, 2023 through the date of your Claim submission.*

*Class Members who elect to submit a Claim for reimbursement of Out-of-Pocket Losses must provide to the Settlement Administrator the information required to evaluate the Claim, including:(1) the Class Member's name and current address; (2) documentation supporting their Claim; (3) a brief description of the documentation describing the nature of the loss, if the nature of the loss is not apparent from the documentation alone; and (4) a verification, stating that the Claim is true and correct, to the best of the Class Member's knowledge and belief, and is being made under penalty of perjury. Documentation supporting Out-of-Pocket Losses can include receipts or other documentation not "self-prepared" by the Class Member that documents the costs incurred. "Self-prepared" documents such as handwritten receipts are, by themselves, insufficient to receive reimbursement, but can be considered to add clarity to or support other submitted documentation.*

*Payment for Valid Claims submitted by mail will be paid by check. If you prefer to receive payment electronically, you must submit your Claim Form on the Settlement Website.*

**Reimbursement for Out-of-Pocket Losses**

For each loss that you believe was incurred as a result of the Data Incident, please provide a description of the loss, the date of the loss, the dollar amount of the loss, and the type of documentation you will be submitting to support the loss. **You must provide ALL this information for this Claim to be processed**. Supporting documents must be submitted as part of this Claim Form. **If you fail to provide sufficient supporting documents, the Settlement Administrator will deny your Claim.** Please provide only copies of your supporting documents and keep all originals for your personal files. The Settlement Administrator will have no obligation to return any supporting documentation to you. A copy of the Settlement Administrator's privacy policy is available at **[ADMINISTRATOR'S PRIVACY POLICY]**

With the exception of your name, mailing address, email address, and phone number, supporting documentation will not be provided to Defendant in this Action. Please do not directly communicate with Defendant regarding this matter. All inquiries are to be sent to the Settlement Administrator.

*Examples of such losses include unreimbursed payments for identity theft protection or credit monitoring services and financial losses due to stolen identity incurred as a result of the Data Incident, etc. These are only examples and do not represent a complete list of losses eligible for compensation. Please provide a description of any loss that you claim was incurred as a result of the Data Incident.*

*Examples of documentation include receipts for identity theft protection services, fees paid to a professional to remedy a falsified tax return, etc.*

| Description of the Loss | Date of Loss | Amount | Description of Supporting Documentation |
|---|---|---|---|
| *Example:*<br>*Identity Theft Protection Service* | *0 7 – 1 7 – 2 3*<br>**MM-DD-YY** | *$50.00* | *Copy of identity theft protection service bill* |
| *Example:*<br>*Fees paid to a professional to remedy a falsified tax return* | *0 7 – 3 0 – 23*<br>**MM-DD-YY** | *$25.00* | *Copy of the professional services bill* |
| | _____ - _____ - _____<br>**MM      DD      YY** | $_____ . _____ | |

| | | | |
|---|---|---|---|
| | ___ - ___ - ___<br>MM    DD    YY | $___.___ | |
| | ___ - ___ - ___<br>MM    DD    YY | $___.___ | |
| | ___ - ___ - ___<br>MM    DD    YY | $___.___ | |
| | ___ - ___ - ___<br>MM    DD    YY | $___.___ | |
| | ___ - ___ - ___<br>MM    DD    YY | $___.___ | |
| | ___ - ___ - ___<br>MM    DD    YY | $___.___ | |
| | ___ - ___ - ___<br>MM    DD    YY | $___.___ | |
| | ___ - ___ - ___<br>MM    DD    YY | $___.___ | |
| | ___ - ___ - ___<br>MM    DD    YY | $___.___ | |

**California Statutory Payment**

In recognition of their statutory rights under California Consumer Privacy Act, California Subclass Members may make a Claim for a cash payment of $100. This payment is in addition to any reimbursement for Out-of-Pocket Losses.

☐       **Yes, I choose a cash payment of $100 for the California Statutory Payment.**

**Alternative Cash Payment**

Settlement Class Members may, in lieu of making a Claim for reimbursement of Out-of-Pocket Losses, elect to receive a *pro-rata* cash payment.

**By checking the below box, I choose a *pro-rata* cash payment in the alternative to compensation for Out-of-Pocket Losses.**

**NOTE: YOU MAY NOT FILE FOR OUT-OF-POCKET LOSSES IF YOU ARE FILING FOR THE ALTERNATIVE CASH PAYMENT IN THIS SECTION.**

☐       **Yes, I choose a *pro-rata* cash payment in the alternative to compensation for Out-of-Pocket Losses.**

**Credit Monitoring and Identity Protection**

All Settlement Class Members who submit a claim are eligible to receive two (2) years of credit monitoring and identity protection ("Credit Monitoring Protections") provided by _____. This service will: (1) monitor at least one of the three major credit reporting agencies: Equifax, Experian, and TransUnion; (2) include identity restoration and recovery services; and provide (3) $1,000,000 identity theft insurance with no deductible.

Do you wish to sign up for free Credit Monitoring Protections through _____?

☐       **Yes, I want to sign up to receive free Credit Monitoring Protections.**

Email Address: _____

If you select "yes" for this option, you will need to follow instructions and use an activation code that you receive after the Settlement is final. Credit Monitoring Protections will not begin until you use your activation code to enroll. Activation instructions will be provided to your email address or, if you do not have an email address, to your home address.

**Section C. Payment**

By mailing this Claim Form to the Settlement Administrator, you will receive any payment you are entitled to under the Settlement Agreement in the form of a check. If you wish to receive any payment you are entitled to under the Settlement Agreement electronically, you must submit your Claim Form online at <<Settlement Website>>.

**Section D. Class Member Affirmation**

By submitting this Claim Form and checking the box below, I declare that I received notification from Defendant that I have been identified as a potential Class Member. As I have submitted Claims of losses due to the Data Incident, I declare that I suffered these losses.

I understand that my Claim and the information provided above will be subject to verification.

I also understand that I may not be entitled to recover under the Settlement Agreement if I am employed by and/or affiliated with the Judge or Magistrate presiding over this Action, and/or am employed by the Defendant or anyone acting on their behalf.

By submitting this Claim Form, I certify that any documentation that I have submitted in support of my Claim consists of unaltered documents in my possession.

☐ **Yes, I understand that my failure to check this box may render my Claim null and void.**

**Section E. Medicare Beneficiary**

Were you a Medicare beneficiary during the time period of March 15, 2023 to the present? (check one)

☐ **Yes**    ☐    **No**

If you are a Medicare beneficiary receiving more than $750 under this settlement, the Settlement Administrator may need to contact you for additional information related to Medicare reporting requirements.

Please provide your name in both the Signature and Printed Name fields below and date your signature below.

_____    ___ ___ / ____ ___ / ___ ___ ___ ___
Signature                                          Date: MM-DD-YYYY


_____
Printed Name


**IN ORDER TO BE VALID, THIS CLAIM FORM MUST BE POSTMARKED OR SUBMITTED ONLINE AT <<SETTLEMENT WEBSITE>> NO LATER THAN <<CLAIM DEADLINE>>.**

# **<u>EXHIBIT B</u>**

UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF INDIANA

**Brian Baker v. SLT Lending SPV, Inc. d/b/a Sur La Table**,
**Case No. 2:23-cv-00190-GSL-AZ**

**If You Are Receiving this Notice, a Class Action Settlement May Affect Your Rights.**

*An Indiana Court authorized this Notice. You are not being sued.*
*This is not a solicitation from a lawyer.*

A Settlement has been reached in a putative class action lawsuit concerning SLT Lending SPV, Inc. d/b/a Sur La Table ("Defendant") and a data incident (the "Data Incident") that occurred between March 15, 2023 and March 25, 2023, when an unauthorized individual(s) accessed or potentially accessed information stored in files on Defendant's servers, including names, driver's license numbers or state identification numbers, and/or medical or health information, and, for a small portion, Social Security numbers, dates of birth, and health insurance plan enrollment information (collectively, "Private Information").

The lawsuit is called *Brian Baker et al. v. SLT Lending SPV, Inc. d/b/a Sur La Table, Case No. 2:23-cv-00190-GSL-AZ* (N.D. Ind.). The lawsuit asserts claims related to the Data Incident. Defendant in the lawsuit denies it is or can be held liable for the claims made in the lawsuit. The Settlement does not establish who is correct, but rather is a compromise to end the lawsuit.

Members of the Class and California Subclass are all individuals to whom Defendant sent notice of the Data Incident on or around May 24, 2023. The Class does not include: (i) all Persons who timely and validly request exclusion from the Class; (ii) the Judge assigned to evaluate the fairness of the Settlement; and (iii) any other Person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding or abetting the criminal activity occurrence of the Data Incident or who pleads *nolo contendere* to any such charge. Eligible Class Members will be mailed notice of their eligibility, and Class Membership will be verified against that list.

Class Members who submit Valid Claims are eligible to receive the following relief: (1) up to $4,000 in reimbursement for documented Out-of-Pocket Losses that are fairly traceable to the Data Incident; (2) in the alternative to reimbursement for Out-of-Pocket Losses, non-California Subclass Members may submit a Claim for a *pro rata* cash payment; (3) California Subclass Members may submit a Claim for a California Statutory Payment of up to $100, in addition to any Claims for reimbursement for Out-of-Pocket Losses or for the Alternative Cash Payment; and (4) two (2) years of Identity Theft Protection and Credit Monitoring. The Settlement Administrator will post additional information about the payment amount on <<**SettlementWebsite**>>. For complete details, please see the Settlement Agreement, whose terms control, available at <<**SettlementWebsite**>>.

Your legal rights are affected regardless of whether you act or do not act. Please read this Notice carefully.

| **YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT** | |
|---|---|
| **SUBMIT A CLAIM FORM** | This is the only way you may receive benefits from this Settlement. The deadline to submit a Claim Form is **<<Date>>**. |
| **EXCLUDE YOURSELF FROM THE SETTLEMENT** | You will receive no payment, but you will retain any rights you currently have with respect to Defendant and the issues in the lawsuit.  You may download an exclusion form at <<SettlementWebsite>>. The deadline to exclude yourself from the Settlement is **<<Date>>**. |
| **OBJECT TO THE SETTLEMENT** | Write to the Court explaining why you do not agree with the Settlement. The deadline to object is **<<Date>>**. |
| **ATTEND THE FINAL APPROVAL HEARING** | You may ask the Court for permission for you or your attorney to speak about your objection at the Final Approval Hearing. The Final Approval Hearing will be held on **<<Date>>** at **<<Time>>**. |
| **DO NOTHING** | You will receive no payment and you give up rights. |

These rights and options—**and the deadlines to exercise them**—are explained in this Notice.  For complete details, please see the Settlement Agreement, whose terms control, available at **<<SettlementWebsite>>**.

The Court in charge of the lawsuit still has to decide whether to approve the Settlement. No Settlement benefits or payments will be provided unless the Court approves the Settlement and it becomes Final.

*Visite* **<<SettlementWebsite>>** *para obtener una copia de este aviso en español.*

### BASIC INFORMATION

### What is this Notice and why should I read it?

The Court authorized this Notice to inform you about a Settlement with Defendant. You have legal rights and options that you may act on before the Court decides whether to approve the Settlement. You may be eligible to receive a cash payment as part of the Settlement. This Notice explains the lawsuit, the Settlement, and your legal rights.

Judge Gretchen S Lund of the United States District Court for the Northern District Court of Indiana is overseeing this putative class action. The case is called *Brian Baker v. SLT Lending SPV, Inc. d/b/a Sur La Table, Case No. 2:23-cv-00190-GSL-AZ* (N.D. Ind.) (the "Lawsuit").

Brian Baker, Luann Petrulakis, and Jamelah Elder are the Plaintiffs. The company they sued, SLT Lending SPV, Inc. d/b/a Sur La Table, is the Defendant.

### What is a class action lawsuit?

A class action is a lawsuit in which one or more plaintiffs—in this case, Brian Baker, Luann Petrulakis, and Jamelah Elder—sue on behalf of a putative class of people who have similar claims. Together, this group is called a "Class" and consists of "Class Members." In a class action, the court resolves the issues for all class members, except those who exclude themselves from the class. After the Parties reached an agreement to settle this case, the Court granted preliminary approval of the Settlement and recognized it as a case that should be treated as a class action for settlement purposes.

### THE CLAIMS IN THE LAWSUIT AND THE SETTLEMENT

## What is this Lawsuit about?

The Plaintiffs claim that Defendant failed to implement and maintain reasonable security measures necessary to protect their Private Information that it maintained on its computer systems, in order to prevent the Data Incident from occurring.

Defendant denies that it is or can be held liable for the claims made in the Lawsuit or any claims arising out of the Data Incident. More information about the complaint in the Lawsuit and Defendant's responses can be found in the "Court Documents" section of the Settlement Website at **<<Settlement Website>>**.

## Why is there a Settlement?

The Court has not decided whether the Plaintiffs or Defendant should win the Lawsuit. Instead, both sides agreed to this Settlement. That way, they can avoid the uncertainty, risks, and expense of ongoing litigation, and Class Members who submit Valid Claims will get compensation now rather than years later—if ever. The Class Representative and Class Counsel, attorneys for the Class Members, agree the Settlement is in the best interests of the Class Members. The Settlement is not an admission of wrongdoing or liability by Defendant.

### WHO'S INCLUDED IN THE SETTLEMENT?

## How do I know if I am in the Settlement Class?

You are part of the Settlement as a Class Member if you received notice of the Data Incident from Defendant on or around May 24, 2023. Eligible Class Members will have been mailed notice of their eligibility (from Angeion Group + ADDRESS], and Class Membership will be verified against that list. If you are still not sure whether you are included, you can contact the Settlement Administrator by calling toll-free at **<<Settlement Toll-Free Number>>** or by visiting the Settlement Website at **<<SettlementWebsite>>**.

The Class does not include: (i) all Persons who timely and validly request exclusion from the Class; (ii) the Judge assigned to evaluate the fairness of this Settlement; and (iii) any other Person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding or abetting the criminal activity occurrence of the Data Incident or who pleads *nolo contendere* (a legal term that means, "I do not wish to contend") to any such charge.

## THE SETTLEMENT BENEFITS

**What does the Settlement provide?**

This Settlement provides eligible Class Members who submit Valid Claims with: (1) up to $4,000 in reimbursement for documented Out-of-Pocket Losses that are fairly traceable to the Data Incident; (2) in the alternative to reimbursement for Out-of-Pocket Losses, Settlement Class Members may submit a Claim for a *pro-rata* cash payment; (3) California Subclass Members may submit a Claim for a California Statutory Payment of up to $100, in addition to any Claims for reimbursement for Out-of-Pocket Losses or for the Alternative Cash Payment; and (4) all Settlement Class Members may submit a claim for two (2) years of Identity Theft Protection and Credit Monitoring.

6.A. Who May Recover for Out-of-Pocket Losses and for How Much?

- o  If you are a Class Member and you incurred documented Out-of-Pocket Losses as a result of the Data Incident, you may be eligible to receive reimbursement up to a total of $4,000 per Class Member. Out-of-Pocket Losses incurred as a result of the Data Incident may include, without limitation, unreimbursed costs associated with fraud or identity theft, including professional fees and fees for credit repair services and miscellaneous expenses, such as (i) notary, (ii) fax, (iii) postage, (iii) copying, (iii) mileage, and (iv) long-distance telephone charges, as well as costs for credit monitoring costs or other mitigative services, that were incurred on or after March 15, 2023.

- o  Class Members may submit multiple Claims for Out-of-Pocket Losses; however, the total of all amounts recovered for Out-of-Pocket Losses may not exceed $4,000.

- o  For complete details, please see the Settlement Agreement, whose terms control, available at **<<SettlementWebsite>>**. Claims will be subject to a verification process and will be denied if they do not meet the verification requirements. The Settlement Administrator will post additional information about the payment amount on **<<SettlementWebsite>>**, if necessary.

6.B. Who May Receive an Alternative Cash Payment and for How Much?

- o  In the alternative to compensation for Out-of-Pocket Losses, Settlement Class Members may simply make a Claim for a *pro rata* cash payment which will take the remainder of the Settlement Fund after all other claims and expenses are paid out of it and divide it, *pro rata* among those Class Members who submit a Valid Claim for this benefit ("Alternative Cash Payment").

6.C. Who May Receive a California Statutory Payment and for How Much?

- o  In recognition of their statutory rights under California's Consumer Privacy Act ("CCPA"), California Subclass Members may also make a Claim for a cash payment of up to $100, in addition to any other benefits under this Settlement ("California Statutory Payment").

## HOW TO GET BENEFITS

### How do I make a Claim?

To qualify for a Settlement benefit, you must complete and timely submit a Claim Form. Class Members who want to submit a Claim must fill out and submit a Claim Form online at <<SettlementWebsite>> or by USPS mail. Claim Forms are only available through the Settlement Website at <<SettlementWebsite>>.

Claims will be subject to a verification process. You will need the Unique ID provided on the front of your postcard Notice to fill out a Claim Form. **All Claim Forms must be received online or postmarked on or before <<ClaimDeadline>>**.

### When will I get my payment?

The hearing to consider the fairness of the Settlement is scheduled for **<<ClaimDeadline>>.**, <<DeadlineTime>>. If the Court approves the Settlement, eligible Class Members with Valid Claims (meaning their Claims were approved by the Settlement Administrator) will be sent payment after all appeals and other reviews, if any, are completed. Please be patient. Payment for Valid Claims that are received by mail will be paid by check. If you prefer to receive payment electronically, you must submit your Claim Form on the Settlement Website. All checks will expire and become void 180 days after they are issued.

## THE LAWYERS REPRESENTING YOU

### Do I have a lawyer in this case?

Yes, the Court has appointed M. Anderson Berry of Clayeo C. Arnold, APC; Gary M. Klinger of Milberg Coleman Bryson Phillips Grossman, PLLC; and Tyler Bean of Siri and Glimstad LLP as "Class Counsel."

**Should I get my own lawyer?**

You do not need to hire your own lawyer because Class Counsel are working on your behalf. These lawyers and their firms are experienced in handling similar cases. You will not be charged for these lawyers. You can, however, ask your own lawyer to appear in Court for you, at your own cost, if you want someone other than Class Counsel to represent you.

### How will the lawyers be paid?

Class Counsel will ask the Court for attorneys' fees, costs, and expenses that will be paid by or on behalf of Defendant out of the Settlement Fund. Class Counsel will not seek more than one-third (33.33%) of the Settlement Fund, or approximately $183,333.33 in attorneys' fees, and up to $15,000 in litigation costs and expenses. Class Counsel will also request Service Awards of up to $2,000 for each of the Class Representatives.

4904-1549-2371.1

Class Counsel will file their request for attorneys' fees, costs, and expenses and Service Awards for the Class Representatives with the Court, which will also be posted on the Settlement Website, at **<<SettlementWebsite>>**.

The Court will determine the proper amount of any attorneys' fees, costs, and expenses to award Class Counsel and the proper amount of any Service Award to the Class Representative. The Court may award less than the amounts requested.

## YOUR RIGHTS AND OPTIONS

## What claims do I give up by participating in this Settlement?

If you do not timely exclude yourself from the Settlement, you will not be able to sue Defendant about the issues in the Litigation (including the Data Incident), and you will be bound by all decisions made by the Court in the Litigation, the Settlement, and its included Release. This is true regardless of whether you submit a Claim Form.  You can read the Settlement Agreement at **<<SettlementWebsite>>**. However, you may exclude yourself from the Settlement (see Question 14). If you exclude yourself from the Settlement, you will not be bound by any of the Released Claims.

"Released Claims" mean any and all past, present, and future claims and causes of action including, but not limited to, any causes of action arising under or premised upon any statute, constitution, law, ordinance, treaty, regulation, or common law of any country, state, province, county, city, or municipality, including 15 U.S.C. § 45, *et seq.*, and all similar statutes in effect in any states in the United States; state consumer-protection statutes; negligence; negligence *per se*; breach of contract; breach of implied contract; breach of fiduciary duty; breach of confidence; invasion of privacy; fraud; misrepresentation (whether fraudulent, negligent or innocent); unjust enrichment; bailment; wantonness; failure to provide adequate notice pursuant to any breach notification statute or common law duty; and including, but not limited to, any and all claims for damages, injunctive relief, disgorgement, declaratory relief or judgment, equitable relief, attorneys' fees and expenses, pre-judgment interest, credit monitoring services, the creation of a fund for future damages, statutory damages, punitive damages, special damages, exemplary damages, restitution, and/or the appointment of a receiver, whether known or unknown, liquidated or unliquidated, accrued or unaccrued, fixed or contingent, direct or derivative, and any other form of legal or equitable relief that either has been asserted, was asserted, or could have been asserted, by any Class Member against any of the Released Persons based on, relating to, concerning or arising out of the Data Incident or the allegations, transactions, occurrences, facts, or circumstances alleged in or otherwise described in the Litigation. Released Claims shall include Unknown Claims as defined in the Settlement Agreement.  Released Claims shall not include the right of any Class Member or any of the Released Persons to enforce the terms of this Settlement Agreement, or the claims of any Person who has timely excluded themselves from the Class.

The Settlement Agreement in Paragraphs 1.40, 6.1, and 11.4, describe the Release, Released Claims, and Unknown Claims in necessary legal terminology, so please read these paragraphs carefully. The Settlement Agreement is available at **<<SettlementWebsite>>** or in the public court records on file in the Lawsuit. For questions regarding releases and what they mean, you can also

contact one of the lawyers listed in Question 17 for free, or you can talk to your own lawyer at your own expense.

The Released Claims do not include any claims arising from or relating to any conduct by Defendant after the date the Settlement Agreement is executed. The Released Claims shall also not include the right of Plaintiffs, any Class Member, or any Releasing Party to enforce the terms of the Settlement Agreement.

## What happens if I do nothing at all?

If you do nothing, you will receive no payment under the Settlement for any losses incurred as a result of the Data Incident. You will be in the Class, and if the Court approves the Settlement, you will also be bound by all orders and judgments of the Court, the Settlement, and its included Release. You will be deemed to have participated in the Settlement and will be subject to the provisions described in Question 11 above. Unless you timely exclude yourself, you won't be able to file a lawsuit or be part of any other lawsuit against Defendant for the claims or legal issues resolved in the Settlement.

## What happens if I ask to be excluded?

If you timely exclude yourself from the Settlement, you will receive no benefits or payment under the Settlement. However, you will not be in the Class, and will not be bound by the Settlement and its included Release, or any orders and judgments of the Court in this Litigation.

## How do I ask to be excluded?

You can ask to be excluded from the Settlement. To do so, you must send a letter or exclusion form stating: (1) the name of the proceeding, *Brian Baker v. SLT Lending SPV, Inc. d/b/a Sur La Table, Case No. 2:23-cv-00190-GSL-AZ* (N.D. Ind.); (2) your full name; (3) your current address; (4) your personal signature; and (5) the words "Request for Exclusion" or a comparable statement that you do not wish to participate in the Settlement at the top of the communication. You must mail your exclusion request, postmarked no later than **<<ExclusionDeadline>>**, to the following address:

*SLT Lending SPV, Inc. d/b/a Sur La Table Data Incident Settlement*
c/o Angeion Group LLC
[ADMINISTRATOR ADDRESS]

You cannot exclude yourself by phone or email. Each Person who wants to be excluded from the Settlement must submit his or her own exclusion request. No group opt-outs shall be permitted.

A form to exclude yourself from the Settlement, also called opting-out of the Settlement, will be made available for download at **<<SettlementWebsite>>**.

## If I don't exclude myself, can I sue Defendant for the same thing later?

No. Unless you timely exclude yourself from the Settlement, you give up any right to sue Defendant for the claims being released by the Settlement even if you do nothing.

## If I exclude myself, can I get anything from this Settlement?

No. If you exclude yourself, do not submit a Claim Form to ask for a payment.

## How do I object to the Settlement?

If you do not exclude yourself from the Class, you can object to the Settlement if you do not agree with any part of it. You can give reasons why you think the Court should deny approval of the Settlement by filing an objection. To object, you must file written notice with the Court stating that you object to the Settlement in *Brian Baker et al. v. SLT Lending SPV, Inc. d/b/a Sur La Table, Case No. 2:23-cv-00190-GSL-AZ* (N.D. Ind.) by **<<ObjectionDeadline>>**. Your objection should be filed with the Court, which you can do by mailing your objection and any supporting documents to the U.S. District Court for the Northern District of Indiana (Hammond Division) at the following address:

United States District Court
Northern District of Indiana
5400 Federal Plaza
Suite 2300
Hammond, IN 46320

If you are represented by a lawyer, the lawyer may file your objection through the Court's e-filing system. If you are represented, you must include the identity of any and all attorneys representing you in the objection.

The objection must be in writing and include, among other things, the following information: (i) the objector's full name and address; (ii) the case name and docket number, *Brian Baker et al. v. SLT Lending SPV, Inc. d/b/a Sur La Table,* Case No. 2:23-cv-00190-GSL-AZ; (iii) information identifying the objector as a Class Member, including proof that the objector is a Class Member (e.g., copy of the objector's settlement notice, copy of original notice of the Data Incident, or a statement explaining why the objector believes they are a Class Member); (iv) a written statement of all grounds for the objection, accompanied by any legal support for the objection the objector believes applicable; (v) the identity of any and all counsel representing the objector in connection with the objection; (vi) a statement whether the objector and/or their counsel will appear at the Final Fairness Hearing; and (vii) the objector's signature or the signature of the objector's duly authorized attorney or other duly authorized representative (if any) representing him or her in connection with the objection.

In addition to filing your objection with the Court, you must also mail copies of your objection and any supporting documents to both Class Counsel and Defendant's lawyers at the addresses listed below, postmarked no later than **<<ObjectionDeadline>>**:

| Class Counsel | Defense Counsel |
|---|---|
| Gary M. Klinger<br>**Milberg Coleman Bryson Phillips Grossman, PLLC**<br>227 W. Monroe Street, Suite 2100<br>Chicago, IL 60606 | Christopher A. Wiech<br>**Baker and Hostetler LLP**<br>1170 Peachtree Street<br>Suite 2400<br>Atlanta, GA 30309 |

4904-1549-2371.1

|  |  |
|---|---|

## What's the difference between objecting and excluding myself from the Settlement?

Objecting simply means telling the Court that you don't like something about the Settlement. You can object only if you stay in the Class. Excluding yourself from the Class is telling the Court that you don't want to be part of the Class. If you exclude yourself, you have no basis to object because the Settlement no longer affects you.

### THE COURT'S FAIRNESS HEARING

## When and where will the Court hold a hearing on the fairness of the Settlement?

The Court will hold the Final Approval Hearing on **<<FinalApprovalHearingDateandTime>>** at the **<<CourtAddress>>**. The purpose of the Final Approval Hearing is for the Court to determine whether the Settlement is fair, reasonable, adequate, and in the best interests of the Class. At the hearing, the Court will hear any objections and arguments concerning the fairness of the Settlement, including those related to the amount requested by Class Counsel for attorneys' fees, costs, and expenses, and the Service Awards to the Class Representatives.

**<u>Note</u>**: The date and time of the Final Approval Hearing are subject to change by Court Order. Any changes will be posted on the Settlement Website, **<<SettlementWebsite>>**, or through the Court's publicly available docket. You should check the Settlement Website to confirm the date and time have not been changed.

## Do I have to come to the Hearing?

No. Class Counsel will answer any questions the Court may have, but you are welcome to attend the Final Approval Hearing at your own expense. If you send an objection, you do not have to come to Court to talk about it. As long as your written objection was filed or mailed on time and meets the other criteria described in the Settlement, the Court will consider it. You may also pay a lawyer to attend the Final Approval Hearing on your behalf at your own expense, but you don't have to.

## May I speak at the Hearing?

Yes. If you do not exclude yourself from the Class, you may ask the Court for permission to speak at the Final Approval Hearing concerning any part of the proposed Settlement.

### GETTING MORE INFORMATION

## Where can I get additional information?

This Notice summarizes the Settlement. For more details, please see the Settlement Agreement, whose terms control, available at **<<SettlementWebsite>>.**

YOU MAY CONTACT THE SETTLEMENT ADMINISTRATOR ONLINE AT **<<SettlementWebsite>>**, BY CALLING TOLL-FREE AT, **<<SettlementTollFreeNumber>>** OR BY WRITING TO:

*Sur La Table Data Breach*
c/o [ADMINISTRATOR NAME]
[ADMINISTRATOR ADDRESS]

**PLEASE DO <u>NOT</u> CALL THE COURT, THE CLERK OF THE COURT, THE JUDGE, OR THE DEFENDANT WITH QUESTIONS ABOUT THE SETTLEMENT OR CLAIMS PROCESS.**

4904-1549-2371.1

# **<u>EXHIBIT C</u>**

# UNITED STATES DISTRICT COURT
## FOR THE NORTHER DISTRICT OF INDIANA
### HAMMOND DIVISION

| | |
|---|---|
| BRIAN BAKER, LUANN PETRULAKIS, and JAMELAH ELDER, on behalf of themselves and all others similarly situated,<br><br>     Plaintiffs,<br><br>v.<br><br>SLT LENDING SPV, INC. d/b/a SUR LA TABLE,<br><br>     Defendant. | Case No. 2:23-cv-00190-GSL-AZ<br><br>Judge Gretchen S. Lund |

## [PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

Before the Court is Plaintiffs' Brian Baker, Luann Petrulakis, and Jamelah Elder ("Plaintiffs") Unopposed Motion for Preliminary Approval of Class Action Settlement (the "Motion"), the terms of which are set forth in a Settlement Agreement between Plaintiffs and Defendant SRT Lending SLT, Inc. d/b/a Sur La Table ("SLT" or "Defendant") (together with Plaintiffs, the "Parties"), with accompanying exhibits attached as **Exhibit 1** to Plaintiffs' Memorandum of Law in Support of their Motion (the "Settlement Agreement").[1]

Having fully considered the issue, the Court hereby **GRANTS** the Motion and **ORDERS** as follows:

1. **Class Certification for Settlement Purposes Only**. The Settlement Agreement provides for a Settlement Class defined as follows:

---

[1] All defined terms in this Order Granting Preliminary Approval of Class Action Settlement ("Preliminary Approval Order") have the same meaning as set forth in the Settlement Agreement, unless otherwise indicated.

All individuals to whom Defendant sent notice of the Data Incident on or around May 24, 2023 (the "Class").

The Settlement Agreement also provides for a California subclass defined as follows:

All California residents to whom Defendant sent notice of the Data Incident on or around May 24, 2023.

Specifically excluded from the Settlement Class and Subclass are:

(i) all Persons who timely and validly request exclusion from the Class; (ii) the Judge assigned to evaluate the fairness of this Settlement; and (iii) any other Person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding or abetting the criminal activity occurrence of the Data Incident or who pleads *nolo contendere* to any such charge.

Pursuant to Federal Rules of Civil Procedure 23(e)(1), the Court finds that giving notice is justified. The Court finds that it will likely be able to approve the Settlement Agreement as fair, reasonable, and adequate. The Court also finds that it will likely be able to certify the Settlement Class for purposes of judgment on the Settlement because it meets all of the requirements of Rule 23(a) and the requirements of Rule 23(b)(3). Specifically, the Court finds for settlement purposes that: (a) the Settlement Class is so numerous that joinder of all Settlement Class Members would be impracticable; (b) there are issues of law and fact that are common to the Settlement Class; (c) the claims of the Class Representatives are typical of and arise from the same operative facts and the Class Representatives seek similar relief as the claims of the Settlement Class Members; (d) the Class Representatives will fairly and adequately protect the interests of the Settlement Class as the Class Representatives have no interests antagonistic to or in conflict with the Settlement Class and have retained experienced and competent counsel to prosecute this Litigation on behalf of the Settlement Class; (e) questions of law or fact common to Settlement Class Members predominate over any questions affecting only individual members; and (f) a class action and class settlement is superior to other methods available for a fair and efficient resolution of this Litigation.

2.    **Settlement Class Representatives and Settlement Class Counsel**. The Court finds that Plaintiffs will likely satisfy the requirements of Rule 23(e)(2)(A) and should be appointed as Settlement Class Representatives. Additionally, the Court finds that M. Anderson Berry of Clayeo C. Arnold, APC; Gary M. Klinger of Milberg Coleman Bryson Phillips Grossman, PLLC; and Tyler Bean of Siri and Glimstad LLP, will likely satisfy the requirements of Rule 23(e)(2)(A) and should be appointed as Settlement Class Counsel pursuant to Rule 23(g)(1).

3.    **Preliminary Settlement Approval.** Upon preliminary review, the Court finds the Settlement is fair, reasonable, and adequate to warrant providing notice of the Settlement to the Settlement Class and accordingly is preliminarily approved. In making this determination, the Court has considered the monetary and non-monetary benefits provided to the Settlement Class through the Settlement, the specific risks faced by the Settlement Class in prevailing on their claims, the good faith, arms' length negotiations between the Parties and absence of any collusion in the Settlement, the effectiveness of the proposed method for distributing relief to the Settlement Class, the proposed manner of allocating benefits to Settlement Class Members, the Settlement treats the Settlement Class Members equitably, and all of the other factors required by Rule 23 and relevant case law.

4.    **Jurisdiction.** The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2) and personal jurisdiction over the Parties before it. Additionally, venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

5.    **Final Approval Hearing**. A Final Approval Hearing shall be held on _____, 202___, at [ADDRESS], where the Court will determine, among other things, whether: (a) this Litigation should be finally certified as a class action for settlement purposes pursuant to Fed. R. Civ. P. 23(a) and (b)(3); (b) the Settlement should be approved as

fair, reasonable, and adequate, and finally approved pursuant to Fed. R. Civ. P. 23(e); (c) this Litigation should be dismissed with prejudice pursuant to the terms of the Settlement Agreement; (d) Settlement Class Members (who have not timely and validly excluded themselves from the Settlement) should be bound by the releases set forth in the Settlement Agreement; (e) the application of Settlement Class Counsel for an award of Attorneys' Fees, Costs, and Expenses should be approved pursuant to Fed. R. Civ. P. 23(h); and (f) the application of the Settlement Class Representatives for a Service Award should be approved.

6.    **Claims Administrator**. The Court appoints Angeion Group, LLC as the Claims Administrator, with responsibility for Notice and Settlement Administration. The Claims Administrator is directed to perform all tasks the Settlement Agreement requires. The Claims Administrator's fees will be paid pursuant to the terms of the Settlement Agreement.

7.    **Notice**. The proposed Notice program set forth in the Settlement Agreement and the Notices and Claim Form attached to the Settlement Agreement as **Exhibits A, B, and D** are hereby approved. Non-material modifications to these Exhibits may be made by the Claims Administrator in consultation and agreement with the Parties, and without further order of the Court.

8.    **Findings Concerning Notice**. The Court finds that the proposed form, content, and method of giving Notice to the Settlement Class as described in the Notice program and the Settlement Agreement and its Exhibits: (a) will constitute the best practicable notice to the Settlement Class; (b) are reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Litigation, the terms of the Settlement, and their rights under the Settlement, including, but not limited to, their rights to object to or exclude themselves from the Settlement, and other rights under the terms of the Settlement Agreement; (c) are

reasonable and constitute due, adequate, and sufficient notice to all Settlement Class Members and other persons entitled to receive notice; (d) meet all applicable requirements of law, including Federal Rule of Civil Procedure 23(c); and (e) and meet the requirements of the Due Process Clause(s) of the United States and Indiana Constitutions. The Court further finds that the Notice provided for in the Settlement Agreement is written in plain language, uses simple terminology, and is designed to be readily understandable by Settlement Class Members.

The Claims Administrator is directed to carry out the Notice program in conformance with the Settlement Agreement.

9. **Class Action Fairness Act Notice**. Within ten (10) days after the filing of the Settlement Agreement with the Court, the Claims Administrator acting on behalf of Defendant, shall have served or caused to be served a notice of the Settlement on appropriate officials in accordance with the requirements under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715(b).

10. **Exclusion from Class**. Any Settlement Class Member who wishes to be excluded from the Settlement Class must individually sign and timely submit written notice of such intent to the designated Post Office box established by the Claims Administrator in the manner provided in the Notice. The written notice must clearly manifest a Person's intent to be excluded from the Settlement Class. To be effective, such requests for exclusion must be postmarked no later than the Opt-Out Date, which is no later than sixty (60) days from the date on which the Notice program commences, and as stated in the Notice.

Within seven (7) days of the Opt-Out Date, the Claims Administrator shall promptly furnish to Class Counsel and to Defendant's counsel a complete list of all timely and valid requests for exclusion (the "Opt-Out List").

If a Final Order and Judgment is entered, all Persons falling within the definition of the Settlement Class who do not timely request to be excluded from the Settlement Class shall be bound by the terms of the Settlement Agreement and the Final Order and Judgment. All Persons who submit valid and timely notices of their intent to be excluded from the Settlement Class shall not receive any cash benefits of and/or be bound by the terms of the Settlement Agreement.

11.    **Objections and Appearances**. A Settlement Class Member (who does not submit a timely written request for exclusion) desiring to object to the Settlement Agreement may submit a timely written notice of his or her objection by the Objection Date and as stated in the Notice. The Long Notice shall instruct Settlement Class Members who wish to object to the Settlement Agreement to file their objections with the Court and with copies mailed or hand-delivered to Class Counsel and Defendant's counsel. The Notice shall advise Settlement Class Members of the deadline for submission of any objections—the "Objection Date." Any such notices of an intent to object to the Settlement Agreement must be written and must include all of the following: (i) the objector's full name, address, telephone number, and e-mail address (if any); (ii) the case name and docket number, *Brian Baker v. SLT Lending SPV, Inc. d/b/a Sur La Table.*, Case No. 2:23-cv-00190-GSL-AZ; (iii) information identifying the objector as a Class Member, including proof that the objector is a member of the Class (*e.g.*, copy of the objector's Settlement Notice, copy of original notice of the Data Breach, or a statement explaining why the objector believes they are a Class Member); (iv) a written statement of all grounds for the objection, accompanied by any legal support for the objection the objector believes applicable; (v) the identity of any and all counsel representing the objector in connection with the objection; (vi) a statement whether the objector and/or their counsel will appear at the Final Fairness Hearing; and (vii) the objector's signature or

the signature of the objector's duly authorized attorney or other duly authorized representative (if any) representing him or her in connection with the objection.

To be timely, written notice of an objection in the appropriate form must be: (1) mailed, with a postmark date no later than the Objection Date, to Gary M. Klinger, Milberg Coleman Bryson Phillips Grossman, PLLC as Class Counsel; and Christopher A. Wiech, of Baker and Hostetler LLP, as counsel for Defendant; and (2) filed with the Court through the Court's ECF system or submitted to the Clerk of the Court for the U.S. District Court for the Northern District of Indiana (Hammond Division), no later than the Objection Date.

Any Settlement Class Member (who does not submit a timely written request for exclusion) who fails to comply with the requirements for objecting shall waive and forfeit any and all rights he or she may have to appear separately and/or to object to the Settlement Agreement, and shall be bound by all the terms of the Settlement Agreement and by all proceedings, orders, and judgments in the Litigation. The provisions stated in Section 5 of the Settlement Agreement are the exclusive means for any challenge to the Settlement Agreement. Any challenge to the Settlement Agreement, the final order approving the Settlement Agreement, or the Final Order and Judgment to be entered upon final approval shall be pursuant to appeal under the Federal Rules of Appellate Procedure and not through a collateral attack.

12.    **Claims Process**. Settlement Class Counsel and Defendant have created a process for Settlement Class Members to claim benefits under the Settlement. The Court preliminarily approves this process and directs the Claims Administrator to make the Claim Form or its substantial equivalent available to Settlement Class Members in the manner specified in the Notice.

The Claims Administrator will be responsible for effectuating the Claims process. Settlement Class Members who qualify for and wish to submit a Claim Form shall do so in accordance with the requirement and procedures specified in the Notice and the Claim Form. If the Final Order and Judgment is entered, all Settlement Class Members who qualify for any benefit under the Settlement but fail to submit a Claim in accordance with the requirements and procedures specified in the Notice and the Claim Form shall be forever barred from receiving any such benefit, but will in all other respects be subject to and bound by the provisions in the Final Order and Judgment, including the releases contained therein.

13.    **Termination of Settlement**. This Preliminary Approval Order shall become null and void and shall be without prejudice to the rights of the Parties, all of whom shall be restored to their respective positions existing before the Court entered this Preliminary Approval Order and before they entered the Settlement Agreement, if: (a) the Court does not enter this Preliminary Approval Order; (b) Settlement is not finally approved by the Court or is terminated in accordance with the Settlement Agreement; (c) there is no Effective Date; or (d) otherwise consistent with the terms of the Settlement Agreement. In such event, (i) the Parties shall be restored to their respective positions in the Litigation and shall jointly request that all scheduled Litigation deadlines be reasonably extended by the Court so as to avoid prejudice to any Party or Party's counsel; (ii) the terms and provisions of the Settlement Agreement shall have no further force and effect with respect to the Parties and shall not be used in the Litigation or in any other proceeding for any purpose, and (iii) any judgment or order entered by the Court in accordance with the terms of the Settlement Agreement shall be treated as vacated, *nunc pro tunc.*

14.    **Use of Order**. This Preliminary Approval Order shall be of no force or effect if the Final Order and Judgment is not entered or there is no Effective Date and shall not be construed

or used as an admission, concession, or declaration by or against Defendant of any fault, wrongdoing, breach, or liability. Nor shall this Preliminary Approval Order be construed or used as an admission, concession, or declaration by or against the Class Representatives or any other Settlement Class Member that his or her claims lack merit or that the relief requested is inappropriate, improper, unavailable, or as a waiver by any Party of any defense or claims they may have in this Litigation or in any other lawsuit.

15.   **Continuance of Hearing**. The Court reserves the right to adjourn or continue the Final Fairness Hearing and related deadlines without further written notice to the Settlement Class. If the Court alters any of those dates or times, the revised dates and times shall be posted on the Settlement Website maintained by the Claims Administrator. The Court may approve the Settlement, with such modifications as may be agreed upon by the Parties, if appropriate, without further notice to the Settlement Class.

16.   **Stay of Litigation.** All proceedings in the Litigation, other than those related to approval of the Settlement Agreement, are hereby stayed. Further, any actions brought by Settlement Class Members concerning the Released Claims are hereby enjoined and stayed pending Final Approval of the Settlement Agreement.

17.   **Schedule and Deadlines**. The Court orders the following schedule of dates for the specified actions/further proceedings:

| | |
|---|---|
| **From Date Preliminary Approval Motion is Filed** | |
| CAFA Notice issued by Settlement Administrator | + 10 days |
| **From Preliminary Approval Order** | |
| Defendant provides Class Member Information to the Settlement Administrator | +14 days |
| Long and Short Notices posted on the Settlement Website | +30 days |
| Notice Date | +45 days |
| Class Counsel's Motion for Attorneys' Fees, Reimbursement of Litigation Costs and Expenses, and Class Representative Service Awards | +91 days |
| Objection Date | +105 days |
| Opt-Out Date | +105 days |
| Settlement Administrator provides Opt-Out List to the Parties' counsel | +112days |
| Claims Deadline | +135 days |
| **Final Approval Hearing** | +135 (at minimum) from Preliminary Approval Order |
| Motion for Final Approval | -14 days |
| **From Order Granting Final Approval** | |
| | |
| Payment of Attorneys' Fees and Expenses Class Representative Service Awards | +42 days |
| Payment of Valid Claims to Settlement Class Members | +65 days |
| Settlement Website Deactivation | +180 days |

# **<u>EXHIBIT D</u>**

SLT Lending SPV, Inc. d/b/a Sur La Table Data
Incident Settlement
c/o Angeion Group
[Administrator Address 1]
[Administrator Address 2]

FIRST-CLASS MAIL
U.S. POSTAGE PAID
CITY, ST
PERMIT NO. XXXX

**Court Approved Legal Notice**
*Brian Baker v. SLT Lending SPV, Inc. d/b/a Sur La Table*, Case No. 2:23-cv-00190-GSL-AZ

**If you were notified of a Data Incident by SLT Lending SPV, Inc. d/b/a Sur La Table ("Defendant") on or around May 24, 2023, you may be entitled to benefits from a putative class action settlement ("Settlement"). The Settlement relates to a Data Incident at Defendant between March 15, 2023, and March 25, 2023.**

**IMPORTANT MESSAGE FROM THE COURT:** A Settlement has been reached in a putative class action lawsuit concerning Defendant and a data incident (the "Data Incident") that occurred between March 15, 2023 and March 25, 2023, when an unauthorized individual(s) accessed or potentially accessed folders stored on Defendant's servers that included certain personally identifiable information.

*An Indiana Court authorized this Notice. This is not a solicitation from a lawyer.*

Postal Service: Please do not mark barcode
<<Refnum Barcode>>

Unique Class Member ID: <<Refnum>>

<<First Name>> <<Last Name>>
<<Address>>
<<Address2>>
<<City>>, <<State>> <<Zip>>-<<zip4>>
<<Country>>

**Who is Included?** The Class includes: all individuals to whom Defendant sent notice of the Data Incident on or around May 24, 2023. The California Subclass includes: all California residents to whom Defendant sent notice of the Data Incident on or around May 24, 2023.

**What does the Settlement Provide?** Please see the Settlement Agreement for full details. Generally, Class Members are eligible to receive the following relief: (1) up to $4,000 in reimbursement for documented Out-of-Pocket Losses that are fairly traceable to the Data Incident; (2) in the alternative to reimbursement for Out-of-Pocket Losses Settlement Class Members may submit a Claim for a cash payment of a *pro rata* share of the remainder of the Settlement Fund after all other claims and expenses are paid; (3) California Subclass Members may submit a Claim for a California Statutory Payment of up to $100, in addition to any other claims; and (4) all Settlement Class Members may submit a Claim for two (2) years of Identity Theft Protection and Credit Monitoring.

The Settlement is without an admission of liability.

**How To Get Benefits:** You must submit a Claim Form, available at <<SettlementWebsite>. You will need the Unique ID number found at the top of this email to submit a Claim Form. The Claim Form must be postmarked or submitted electronically at <<SettlementWebsite>> on or before <<ClaimDeadline Date and Time>>. Claims will be subject to a verification process.

**Your Other Options**. If you file a Claim Form, object to the Settlement, or do nothing, you will stay in the Class and be bound by the Settlement, including its Release. You will be legally bound by all orders of the Court and you will not be able to start, continue or be part of any other lawsuit against Defendant or related parties arising out of the Data Incident. If you do not want to be legally bound by the Settlement or receive any benefits from it, you must exclude yourself by <<ExclusionDeadline>>. If you do not exclude yourself, you may object to the Settlement by <<ExclusionDeadline>>. Please see the Settlement Agreement for full details.

**The Final Approval Hearing.** The Court has scheduled a hearing for <<FinalApprovalDate>>, to decide whether to approve the Settlement; attorneys' fees, costs, and expenses; service awards; and any objections. You may or your attorney may speak, at your own cost, about your objection at the hearing.

**More Information.** More information about your rights and options can be found in the Long-Form Notice and Settlement Agreement available at <<SettlementWebsite>> or by calling toll-free <<SettlementTollFreeNumber>>.