IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| BRIAN BAKER, *et al.*, individually, and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>  v.<br><br>SLT LENDING SPV, INC. d/b/a SUR LA TABLE,<br><br>    Defendant. | Case No.: 2:23-cv-00190-GSL-AZ |

**ORDER GRANTING FINAL APPROVAL
OF CLASS ACTION SETTLEMENT, ATTORNEYS' FEES, EXPENSES, AND
SERVICE AWARDS; AND ENTERING FINAL JUDGMENT AND DISMISSAL**

This matter comes before the Court on Plaintiffs' Motion for Final Approval of Class Action Settlement (Doc. 64) and Plaintiffs' Motion for Attorneys' Fees and Expenses (Doc. 62) (collectively, the "Motions"). The Court has reviewed the Motions, and the Settlement Agreement and Release (Doc. 59-1) ("Settlement Agreement") entered into between Plaintiffs Brian Baker, Luann Petrulakis, and Jamelah Elder ("Plaintiffs") and Defendant SLT Lending SPV, Inc. d/b/a Sur La Table ("SLT" or "Defendant" and together with Plaintiffs, the "Parties"), and finds that the Motions should be **GRANTED.** Therefore, it is **ORDERED:**

1.      The Court, for the purpose of this Final Judgment, adopts the defined terms as set forth in the Settlement Agreement for any term not otherwise defined herein.

2.      The Court finds that the Settlement Agreement is fair, reasonable, and adequate, as expressed further herein. The Court also finds the Settlement Agreement was entered into in good

faith, at arms' length, and without collusion. The Court approves and directs consummation of the Settlement Agreement.

3. The Court approves the Releases provided in the Settlement Agreement and orders that, as of the Effective Date, the Released Claims will be released as to Released Parties.

4. The Court has and reserves jurisdiction over the Settlement and this Settlement Agreement, the Parties thereto, including the Settlement Class and, for purposes of the Settlement and Settlement Agreement, the Court has and reserves jurisdiction over the Parties to the Settlement.

5. The Court finds that there is no just reason for delay of entry of final judgment with respect to the foregoing.

6. The Court grants final approval of the appointment of M. Anderson Berry of Clayeo C. Arnold, APC; Gary M. Klinger of Milberg Coleman Bryson Phillips Grossman, PLLC; Kathleen A. Delaney of Delaney and Delaney LLC; and Mason Barney and Tyler Bean of Siri and Glimstad LLP. as Class Counsel;

7. The Court grants Plaintiffs' Motion for Attorneys' Fees, Costs, and Service Awards (Doc. 59). The Court awards Class Counsel $183,333.33 in attorneys' fees and $2,797.49 for the reimbursement of litigation expenses, to be paid according to the terms of the Settlement Agreement. This amount of fees and reimbursement of expenses is fair and reasonable. The Court also approves service awards of $2,000.00 each for the three (3) Class Representatives.

8. The Court grants final approval of the appointment of Brian Baker, Luann Petrulakis, and Jamelah Elder as Class Representatives.

9. On February 20, 2025, the Court entered an Order Granting Preliminary Approval of Class Action Settlement (Doc. 60) ("Preliminary Approval Order") that preliminarily approved the Settlement Agreement and set August 27, 2025 as the Final Approval Hearing date..

10. The Court's Preliminary Approval Order approved the Postcard Notice, Long Form Notice, Claim Form, and found the mailing, distribution, and publishing of the various notices as proposed met the requirements of Fed. R. Civ. P. 23 and due process, and was the best notice practicable under the circumstances, constituting due and sufficient notice to all persons entitled to notice.

11. The Court finds that the distribution of the Notices has been achieved pursuant to the Preliminary Approval Order and the Settlement Agreement, and that the Notice to Class Members complied with Fed. R. Civ. P. 23 and due process. The fact that the Notices reached 99.78% of the Settlement Class indicates that the Notice program was successful and consistent with Fed. R. Civ. P. 23 and due process.

12. The Court finds SLT has complied with the requirements of 28 U.S.C. § 1715 regarding the CAFA Notice.

13. The Court certifies the following Class and Subclass for settlement purposes only under Fed. R. Civ. P. 23(a) and 23(b)(3), subject to the Settlement Class exclusions set forth in the Settlement Agreement:

> **Class: All individuals to whom Defendant sent notice of the Data Incident on or around May 24, 2023 (the "Class").**
>
> **California subclass: All California residents to whom Defendant sent notice of the Data Incident on or around May 24, 2023.**

The Settlement Class specifically excludes (i) all Persons who timely and validly request exclusion from the Class; (ii) the Judge assigned to evaluate the fairness of this Settlement; and (iii) any other

3

Person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding or abetting the criminal activity occurrence of the Data Incident or who pleads nolo contendere to any such charge.

14. The Court finds that the Settlement Class defined above satisfies the Requirements of Fed. R. Civ. P. 23(a) and (b)(3) for settlement purposes only in that (a) the Settlement Class of approximately 40,646 individuals is so numerous that joinder of all Settlement Class Members would be impracticable; (b) there are issues of law and fact that are common to the Settlement Class; (c) the claims of the Class Representatives are typical of and arise from the same operative facts and seek similar relief as the claims of the Settlement Class Members; (d) the Class Representatives and Class Counsel have fairly and adequately protected the interests of the Settlement Class, as the Class Representatives have no interests antagonistic to or in conflict with the Settlement Class and has retained experienced and competent counsel to prosecute this matter on behalf of the Settlement Class; (e) questions of law or fact common to Settlement Class Members predominate over any questions affecting only individual members; and (f) a class action and class settlement are superior to other methods available for a fair and effective resolution of this controversy.

14. This Court, having considered the negotiation of, the terms of, and all of the materials submitted concerning the Settlement Agreement; having considered Plaintiffs' and the Settlement Class's likelihood of success both of surviving dispositive motions practice, certifying this action as a class action, and of prevailing on the claims at trial, including considering SLT's likelihood of success of prevailing on one or more of its defenses; and the complexity, expense, and duration of the Action; and having considered the substance and amount of opposition to the proposed settlement, it is hereby determined that:

      a. The terms of the Settlement Agreement were fairly and honesty negotiated;

      b. The outcome of the Litigation was in doubt when the Settlement was reached, making the compromise under this Settlement reasonable under the circumstances;

      c. The value of immediate recovery by way of a $550,000 non-reversionary common fund outweighs the possibility of future relief that could occur, if at all, only after further protracted litigation and appeals;

      d. The Parties have in good faith determined the Settlement Agreement is in their respective best interests, including both Plaintiffs and Class Counsel determining that it is in the best interest of the Class Members;

15. Therefore, pursuant to Rule 23(e), the terms of the Settlement Agreement are finally approved as fair, reasonable, and adequate as to, and in the best interest of, the Settlement Class and each of the Settlement Class Members. Settlement Class Members who did not timely opt-out of the Settlement are bound by this Final Approval Order. The Settlement Agreement and its terms shall have *res judicata*, collateral estoppel, and all other preclusive effect in all pending and future lawsuits or other proceedings as to Released Claims and waivers applicable thereto.

16. One Settlement Class Member timely filed a request for exclusion. A list with that Settlement Class Member's name is attached as Exhibit C to the Settlement Administrator's Declaration filed in support of the Motion for Final Approval. That person is not bound the terms of this finally approved settlement.

17. No Settlement Class Member objected to the Settlement.

18. The Court approves the distribution and allocation of the Settlement Fund pursuant to the terms of the Settlement Agreement.

19. This Final Approval Order, and all statements, documents, or proceedings relating to the Settlement Agreement are not, and shall not be construed as, used as, or deemed to be evidence of, an admission by or against SLT of any claim, any fact alleged in the Litigation, any fault, any wrongdoing, any violation of law, or any liability of any kind on the part of SLT or of the validity or certifiability of this Litigation or other litigation of any claims or class that have been, or could have been, asserted in the Litigation.

20. This Final Approval Order, and all statements, documents, or proceedings relating to the Settlement Agreement shall not be offered or received or be admissible in evidence in any action or proceeding, or be used in any way as an admission or concession or evidence of any liability or wrongdoing by SLT or that Plaintiffs, any Settlement Class Member, or any other person has suffered any damage due to the Data Security Incident. Notwithstanding the above, the Settlement Agreement and this Final Approval Order may be filed in any action by SLT, Class Counsel, or Settlement Class Members seeking to enforce the Settlement Agreement or the Final Approval Order.

21. The Settlement Agreement and Final Approval Order shall not be construed or admissible as an admission by SLT hat Plaintiffs' claims or any similar claims are suitable for class treatment.

22. If the Effective Date, as defined in the Settlement Agreement, does not occur for any reason this Final Approval Order and the Preliminary Approval Order shall be deemed vacated, and shall have no force and effect whatsoever; the Settlement Agreement shall be considered null and void; all of the Parties' obligations under the Settlement Agreement, the Preliminary Approval Order, and this Final Approval Order and the terms and provisions of the Settlement Agreement shall have no further force and effect with respect to the Parties and shall not be used in the Action

or in any other proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of the Settlement Agreement shall be treated as vacated *nunc pro tunc*, and the Parties shall be restored to their respective positions in the Action, as if the Parties never entered into the Settlement Agreement (without prejudice to any of the Parties' respective positions on the issue of class certification or any other issue). In such event, the Parties will jointly request that all scheduled Litigation deadlines be reasonably extended by the Court so as to avoid prejudice to any Party or Party's counsel.

23. **Final Judgment and Dismissal.** Pursuant to the terms of the Settlement, it is hereby ORDERED AND ADJUDGED that this action is hereby dismissed with prejudice on the merits, with each side to bear its own costs and attorneys' fees, except as provided under the terms of the Settlement. This is the FINAL JUDGMENT of the Court in this action.

**IT IS SO ORDERED this 27th day of August, 2025**

/s/GRETCHEN S. LUND
**Hon. Gretchen S. Lund**
United States District Court Judge
for the Northern District of Indiana